Lee Otis HARRIS *v.* STATE of Arkansas

CR 75-50 532 S.W. 2d 423

Opinion delivered February 2, 1976
[Rehearing denied March 8, 1976.]

*Christopher C. Mercer, Jr.*, for appellant.

*Jim Guy Tucker*, Atty Gen., by: *Jackson Jones*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Theotis Maxwell and the appellant Lee Otis Harris were jointly charged with the first-degree murder of Ellis Robb. In separate trials both defendants were found guilty and were sentenced to life imprisonment without parole. Maxwell's conviction was upheld last month. *Maxwell* v. *State*, 259 Ark. 86, 531 S.W. 2d 468 (1976). Harris now argues three points for the reversal of his conviction.

First, defense counsel, in asserting that prosecution by information rather than by indictment is unconstitutional, concedes with candor that we have consistently rejected that contention. *Ellingburg* v. *State*, 254 Ark. 199, 492 S.W. 2d 904 (1973). In the case at bar, however, the further argument is made that the defendant's confinement pending trial, on the basis of the information alone, unconstitutionally deprived him of his right to a judicial determination of the existence of probable cause for his pretrial detention.

That contention is answered by the Supreme Court's opinion in *Gerstein* v. *Pugh*, 420 U.S. 103 (1975). There the court said that a judicial hearing is not prerequisite to prosecution by information and that illegal detention does not void a subsequent conviction. The court recognized that "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." Thus the challenge here comes too late.

Second, the appellant argues that when the trial court sustained a motion to quash the entire jury wheel, the jury commissioners should have then been directed to select only a panel of jurors for the trial of this case rather than a number

sufficient to satisfy the requirements for a new jury wheel. Ark. Stat. Ann. § 39-214 (Supp. 1975). The argument is without merit, as we held in the companion *Maxwell* case, *supra*. A defendant cannot be prejudiced by being afforded an even greater cross-section of eligible jurors than the minimum that the statute might be construed to require.

Third, counsel insists that Act 438 of 1973, reinstating capital punishment in Arkansas, is invalid, as conferring upon the jury more discretion in the fixing of punishment than is permitted by the majority opinions in *Furman* v. *Georgia*, 408 U.S. 238 (1972). In cases involving capital punishment we have upheld the new statute. *Collins* v. *State*, 259 Ark. 8, 531 S.W. 2d 13 (1975); *Neal* v. *State*, 259 Ark. 27, 531 S.W. 2d 17 (1975). Further, this appellant received only a sentence to life imprisonment without parole. We find nothing in any of the opinions in *Furman* to indicate that the court's restrictions upon a jury's discretion in the matter of punishment apply to anything except the imposition of the death penalty. If the court's holding is extended to life imprisonment as well, we can discern no stopping point. Accordingly we hold that the appellant's case does not fall within the purview of the *Furman* decision.

Other objections, not argued here, were made at trial, but we find no prejudicial error.

Affirmed.