Robert Thomas Patrick CAREY *v.* STATE of Arkansas

CR 79-21 & 79-174                               596 S.W. 2d 688
Supreme Court of Arkansas
Opinion delivered April 7, 1980

*Ken Cook,* Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant Carey was convicted of aggravated robbery as a consequence of his armed robbery of a branch bank at West Memphis on February 22, 1977. The jury fixed his sentence at 30 years. He was granted a belated appeal from the judgment of conviction. His Rule 37 petition for postconviction relief was later denied on the record, without a hearing. His two appeals have been consolidated in this court. Three points for reversal are argued.

First, Carey contends that he is entitled to credit for pretrial jail time from February 22 to September 23, 1977

(213 days). This point was not raised below, but the State concedes that under the new Criminal Code the credit is proper. Ark. Stat. Ann. § 41-904 (Repl. 1977). In view of that concession we modify the judgment by awarding credit for the jail time.

Second, the Rule 37 petition asserted only that Carey had been confined after his arrest for 190 days without a preliminary hearing. That assertion may be true, but the point must be raised before trial and is not a basis for relief after conviction. *Gerstein* v. *Pugh,* 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975); *Bolden* v. *State,* 262 Ark. 718, 561 S.W. 2d 281 (1978); *Harris* v. *State,* 259 Ark. 187, 532 S.W. 2d 423 (1976). Hence no evidentiary hearing upon the Rule 37 petition was required, because the petition did not state facts constituting a ground for relief.

Third, some two months after the Rule 37 petition had been denied, Carey wrote a letter to the trial judge in which he complained about having been handcuffed and in jailhouse clothing during his trial. No details were given, nor does the record of the trial disclose any reference to these matters nor any objection on the part of the accused. It is nevertheless argued, on the basis of the letter only, that a new trial should be granted.

There are at least two answers to this argument. One, Rule 37.1 requires that motions for postconviction relief be verified and be filed with the court, a requirement of substantive importance to prevent perjury. *Evans* v. *State,* 242 Ark. 92, 411 S.W. 2d 860 (1967). We do not imply that trial judges may not properly act upon letters from prison inmates, but in the absence of any action by the trial judge we cannot order a new trial upon the basis of such an unverified communication. Two, the absence of any objection at the trial is fatal to the present attempt to raise a constitutional issue. *Estelle* v. *Williams,* 425 U.S. 501, 96 S. Ct. 1691, 48 L. Ed. 2d 126 (1976).

Affirmed as modified, and remanded so that jail time may be credited.

FOGLEMAN, C.J., not participating.