## Cecil KNAPPENBERGER v. STATE of Arkansas

CR 83-7                                                     647 S.W.2d 417

### Supreme Court of Arkansas
### Opinion delivered February 14, 1983

[Opinion Amended on Denial of Rehearing March 28, 1983.]

*Howard & Howard,* by: *William B. Howard,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was charged with second degree murder in the shooting death of Wiley Johnson, Jr. A jury convicted him of manslaughter [Ark. Stat. Ann. § 41-1504 (Repl. 1977)] and fixed his punishment

at ten years imprisonment. He was incarcerated and later released on bail pending this appeal. In a pretrial confession the appellant admitted shooting Johnson but contended that he had done so in self-defense and had only intended to injure Johnson sufficiently to stop Johnson's alleged assault.

Appellant's present counsel, who did not represent him at trial, acknowledges, after reviewing the record, that the only tenable ground for appeal is that the appellant did not have effective assistance of trial counsel in violation of his state and federal constitutional rights (Art. 2, § 10, Const. of Ark. [1874] and Sixth Amendment, U. S. Const.). He also argues we should overrule *Hilliard* v. *State,* 259 Ark. 81, 531 S.W.2d 643 (1976), which holds a defendant may not prosecute a direct appeal on the issue of ineffective assistance of counsel absent an objection in the trial court. Here, appellant's argument of ineffective assistance of counsel was not presented to the trial court. We affirm.

In *Hilliard,* where the issue of ineffective assistance of counsel, as here, was not raised in the trial court, we pointed out that the proper procedure for assessing the quality of legal representation is either through a motion for a new trial or a motion for postconviction relief in the trial court, because an evidentiary hearing there on "many facets" of the case better equips us to review the sufficiency of representation at trial. This case perfectly illustrates the wisdom of our rule. Appellant argues that his retained trial counsel, by allowing and advising him to confess, supplied the state with inculpatory proof that the state very well might not have been able to otherwise obtain. Further, his counsel's cross-examination of witnesses was totally irrelevant, resulting in the net effect of strengthening the state's case. Also, his counsel's failure to object to improper and irrelevant inquiries on cross-examination of defense witnesses by the state portrayed the appellant as an evil man. Appellant argues that the record here establishes by clear and convincing evidence that appellant's trial counsel was so grossly inadequate that it resulted in a deprivation of his constitutional rights of effective assistance of counsel and, therefore,

it is unnecessary for an evidentiary hearing in the trial court to determine the competency and efficiency of trial counsel.

An evidentiary hearing and finding as to the competency of appellant's counsel by the trial court would, as *Hilliard* holds, "better equip us on review to examine in detail the sufficiency of the representation." We decline to overrule or modify *Hilliard*. We are not alone in requiring such claims of ineffective assistance of counsel to be presented first to the trial court. See *U.S.* v. *Mims*, 440 F.2d 643 (8th Cir. 1971); *U.S.* v. *Stephens*, 609 F.2d 230 (5th Cir. 1980); *U.S.* v. *Rodriguez*, 582 F.2d 1015 (5th Cir. 1978); *Grover* v. *State*, 41 Md. App. 705, 398 A.2d 528 (1979); and *Foster* v. *Commonwealth*, 507 S.W.2d 443 (Ky. 1964).

As alternative relief, appellant asks, in the event his conviction is affirmed, that we now grant permission for him to proceed in the circuit court for postconviction relief pursuant to A.R.Cr.P., Rule 37, without being required to file a formal petition here for postconviction relief. Rule 37.1 requires that a motion for postconviction relief must be verified. We recognized this requirement in *Carey* v. *State*, 268 Ark. 332, 596 S.W.2d 688 (1980), where we said: "... Rule 37.1 requires that motions for postconviction relief be verified and be filed with the court, a requirement of substantive importance to prevent perjury." Rule 37.2 provides: "If the conviction in the original case was appealed to the Supreme Court, then no proceedings under this rule shall be entertained by the circuit court without prior permission of the Supreme Court." We adhere to the requirement that a formal verified petition for postconviction relief be filed in this court, following our affirmance, for permission to proceed in the trial court.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I strongly disagree with the majority opinion. I believe it necessary to overrule our prior cases holding that ineffective assistance of counsel

cannot be raised on direct appeal. Article 2 § 10 of the Constitution of Arkansas and Amendment 6 to the Constitution of the United States provide that an accused shall have the right to counsel. In cases too numerous to mention, both state and federal, we have held that these provisions mean *effective* assistance of counsel. If an accused is denied effective assistance of counsel, he has been denied a constitutional right. He is therefore entitled to a remedy on direct appeal just the same as if he were denied counsel entirely. There is no question but that a direct appeal should be a proper method of challenging a right to counsel at the trial court level when ineffectiveness of counsel is obvious in time to include it on direct appeal.

The holding in the majority opinion is to the effect that though a person may have been denied constitutional rights, they must suffer imprisonment before such miscarriage of justice can be corrected.

A.R.Cr.P. Rule 37 was adopted specifically to allow persons in custody whose cases had not been appealed to the Arkansas Supreme Court to move that their sentence be vacated or corrected. So far as I am able to determine, there is nothing in any Arkansas statute or rule which would prevent a person from seeking relief from ineffective assistance of counsel on direct appeal. It is by case law only that we have held that such could not be done. In the great majority of criminal cases such relief would not be asked for on direct appeal simply because the appellant would not realize he had received ineffective assistance of counsel. It is logical and reasonable that in rare circumstances an appellant could argue ineffective assistance of counsel on direct appeal. To prohibit such argument would, as appellant rightfully contends, force a person to serve time before being able to argue ineffective assistance of counsel. This is unjust and contrary to the principles of criminal justice. There might be cases in which the attorney was absolutely and obviously ineffective resulting in the conviction of an innocent defendant. To require a person to be incarcerated under such circumstances would be nothing short of false imprisonment. No person should be required to serve time

in prison because he was denied effective assistance of counsel.

In *Blackmon* v. *State,* 274 Ark. 202, 623 S.W.2d 184 (1981), we stated:

> We have held that there is a presumption of effective assistance of counsel and that the appellant must overcome this presumption and show he was prejudiced by the conduct of his counsel. We now hold that in addition to showing prejudice the appellant must show by clear and convincing evidence that the prejudice resulting from the representation of trial counsel was such that he did not receive a fair trial.

If counsel were so ineffective as to deny the appellant a fair trial, it is patently unjust to require him to serve time in prison before he can bring this to the attention of the trial court or this court.

The majority opinion would deny the appellant a right to a hearing in this court on ineffective assistance of counsel even if the matter had been presented to the trial court in the form of a motion for a new trial. It seems to me that at the very least this court should hold that if the alleged ineffective assistance of counsel were presented to the lower court in the form of a motion for a new trial, it could be reviewed in this court on direct appeal.

I do not express an opinion as to whether counsel in the present case was effective or not; that is not the issue here. The point I make is that we are, in effect, denying justice when we refuse to allow an appellant to present such a matter on direct appeal. The cases will be few and far between where such a matter can be presented on direct appeal but in those few cases I think it should be allowed. I would not allow a petitioner in such a rare instance to have two opportunities to challenge the effectiveness of counsel. I would instead limit him to questions passed upon on direct appeal, *Neal* v. *State,* 270 Ark. 442, 605 S.W.2d 421 (1980); including a claim of ineffective assistance of counsel. To do anything less would be to render impotent the provisions of

two constitutions and the sacred rights given the people thereunder. I would consider the matter and decide it on the merits of the arguments presented.