Calvin PORTER *v.* STATE of Arkansas

CR 96-1477                                              2 S.W.3d 73

Supreme Court of Arkansas
Opinion delivered October 21, 1999

*Jack, Lyons & Jones, P.A.*, by: *Curtis L. Bowman*, for appellant.

*Winston Bryant*, Att'y Gen., by: *O. Milton Fine II*, Ass't Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. The appellant, Calvin Porter, was convicted of capital murder and sentenced to die by lethal injection. We affirmed his conviction and sentence in *Porter v. State*, 321 Ark. 555, 905 S.W.2d 835 (1995). Porter subsequently sought a stay of the mandate while he petitioned the Supreme Court for a writ of certiorari. We granted the stay on October 23, 1995.

The Supreme Court denied certiorari in *Porter v. Arkansas*, 517 U.S. 1108, 116 S.Ct. 1329 (1996), on March 25, 1996. Consequently, this court issued the mandate from the direct appeal on April 1, 1996. Porter sought postconviction relief pursuant to Rule 37, but did not file his petition until June 17, 1996, which was after the sixty-day limitation period, provided by Rule 37.2(c), had expired.

In the trial court, the State filed a motion to dismiss Porter's petition as untimely. The court granted the motion. Porter appealed the dismissal of his petition to this Court. In his brief, Porter contended that his petition should not have been considered untimely because he did not receive "actual notice" from the Clerk of the Arkansas Supreme Court or from the Jefferson County Circuit Clerk that the appellate mandate was issued on April 1, 1996. He argued that due process required this Court to change its practice in order to insure that the appellant receives actual notice of the issuance of the mandate.

In *Porter v. State*, 332 Ark. 186, 964 S.W.2d 184 (1998), we declined Porter's invitation to change the clerk's established practice

for issuance of the appellate mandate. We were concerned, however, about the circumstances that surrounded Porter's legal representation at the time the mandate was issued. Our opinion summarized these circumstances as follows:

> Specifically, Porter's brief indicates that the Director of the Arkansas Capital Resource Center, Al Schay, represented Porter before the Supreme Court. While Porter's petition for a writ of certiorari was pending, however, funding for the Arkansas Capital Resource Center was terminated. Under these circumstances, it may well be that Mr. Schay's representation of Porter ended when the funding for the resource center ceased, and that Porter did not have an attorney at the time the mandate was issued. More importantly, it may well be the case that the delay in filing Porter's petition was caused by his belief that Mr. Schay, as his attorney, would notify him of the disposition of his certiorari petition and the issuance of the mandate and would file the necessary Rule 37 petition.

We also recognized that since the date of Porter's conviction, Rule 37.5 had been promulgated and put into practice. Rule 37.5 requires, within twenty-one days of the issuance of the appellate mandate, an assessment of the availability of counsel for defendants sentenced to death. The existence of this rule, coupled with the ambiguous circumstances of Porter's representation at the time the mandate was issued from his direct appeal, motivated us to remand the case for a hearing to develop facts surrounding the status of Porter's legal representation on April 1, 1996, and his understanding regarding the status of that representation.

On August 26, 1999, the Jefferson County Circuit Court entered an order in which it summarized the facts that were developed during the hearing. The court essentially found that because Al Schay had not taken any formal steps to withdraw as the attorney of record for Porter, he was still representing Porter at the time that the appellate mandate was issued. The court also found that while Mr. Schay believed that the closing of the Resource Center terminated his representation of Porter, Porter himself did not share that understanding. The court's order stated that "Mr. Schay never told [Porter] that he did not represent him until June 11, 1996, after the time for filing the Rule 37 had expired." The court further found, however, that despite Porter's justifiable reliance on Mr. Schay, his petition was untimely filed, and that the court, according to the jurisdictional nature of the rule, had no choice but to take the harsh action of dismissing the petition. Porter has now appealed that decision and the case is submitted once again to this Court to

determine whether the trail court erred in holding that it lacked jurisdiction over the appellant's petition for relief which was filed pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.

Rule 37.2(c) clearly states that if an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty days of the date the mandate was issued by the appellate court. We have held that the filing deadlines imposed by this section are jurisdictional in nature and that if they are not met, a circuit court lacks jurisdiction to consider a Rule 37 petition or a petition to correct an illegal sentence on its merits. *Petree v. State*, 323 Ark. 570, 920 S.W.2d 819 (1995).

However, while there is no constitutional right to a post-conviction proceeding, when a State undertakes to provide collateral relief, due process requires that the proceeding be fundamentally fair. *See Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997)(quoting *Robinson v. State*, 295 Ark. 693, 751 S.W.2d 335 (1988)). Here, the question becomes whether it is "fundamentally fair" to require an inmate on death row to abide by the stringent filing deadlines when he was under the impression he was represented by counsel and that said counsel was timely filing the proper pleadings (such as a petition under Rule 37) on his behalf.

In the instant case, appellant was on death row; further, his petition was filed only seventeen days late and under ambiguous circumstances surrounding his legal representation. As previously stated, this Court was concerned with the unusual circumstances in this case when it remanded the case to the circuit court for a fact-finding hearing. *Porter v. State*, 332 Ark. 186, 964 S.W.2d 184 (1998). We noted that the importance of determining the status of Porter's legal representation at the time the mandate was issued is highlighted by our new Rule 37.5 relating to death sentences. *See In Re: Adoption of Rule 37.5 of the Rules of Criminal Procedure*, 329 Ark. 641 (1997). Had Rule 37.5 been in effect, Porter would have been called before the circuit court within 21 days of the mandate's issuance and the availability of counsel for Rule 37 purposes would have been assessed by the Circuit Court.

Rule 37.5 evolved from Act 925 of 1997, now codified at Ark. Code Ann. §§ 16-91-201 to -206 (Supp. 1997) (Arkansas Effective Death Penalty Act of 1997), where the General Assembly expressly noted that the purpose of the Act was to comply with

federal law by instituting a comprehensive state court review. Ark. Code Ann. § 16-91-204 (Supp. 1997). The purpose of a meaningful state review is to eliminate the need for multiple federal habeas corpus proceedings in death cases. We held, in *Porter v. State*, 332 Ark. 186, 964 S.W.2d 184 (1998), that in death cases where a Rule 37 petition is denied on procedural grounds, great care should be exercised to assure that the denial rests on solid footing. We obviously recognized, even in our prior review of Porter's petition, the potential unfairness facing the appellant in this situation..

We have previously granted an appellant leave to file a belated appeal when counsel assumed full responsibility for the delay. *See Whitney v. State*, 334 Ark. 581, 976 S.W.2d 391 (1998); *Jones v. State*, 334 Ark. 577, 976 S.W.2d 391 (1998). While this is not a case wherein the attorney has accepted full responsibility, it is a case where a circuit court found that an attorney's mistake contributed to the untimeliness of appellant's petition. This court has previously held that it will grant a belated appeal of an order denying a petition for postconviction relief if good cause is shown for the petitioner's failure to adhere to time requirements. *Chiasson v. State*, 304 Ark. 110, 798 S.W.2d 927 (1990); *Peterson v. State*, 289 Ark. 452, 711 S.W.2d 830 (1986).

We hold that good cause has been established in the instant case for petitioner's failure to timely file his petition for postconviction relief under Rule 37. In light of the fact that this is a case involving the death penalty and the fact that Rule 37.5 has in effect cured the instant situation from recurring, coupled with the ambiguous circumstances surrounding appellant's legal representation, and the requirements of due process, we hereby hold that fundamental fairness, *in this narrowest of instances where the death penalty is involved*, dictates an exception in the present matter to allow appellant to proceed with his Rule 37 petition.

Reversed and remanded.