Charles WORTHEM *v.* STATE of Arkansas

CR 01-1207                                   66 S.W.3d 665

Supreme Court of Arkansas
Opinion delivered February 28, 2002

*Appellant,* pro se.

*Mark Pryor,* Att'y Gen., by: *O. Milton Fine, II,* Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant was convicted of committing rape by engaging in deviate sexual activity with another person who was less than fourteen years of age. He was sentenced to thirty

years' imprisonment in the Arkansas Department of Correction. On direct appeal, the Court of Appeals affirmed. *Worthem v. State*, No. CACR 00-1021 (Ark. App., May 2, 2001) (unpublished). The mandate issued May 22, 2001.

On July 3, 2001, Appellant filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37. The State moved for dismissal of the petition, asserting that it was not verified pursuant to Ark. R. Crim. P. 37.1(d). Appellant then filed a verified petition on August 6, 2001. The State again moved for dismissal of the petition on the ground that the second, verified petition was not filed within sixty days of the entry of judgment as required by Ark. R. Crim. P. 37.2(c), and therefore, the circuit court did not possess jurisdiction to grant the requested relief. The circuit court thereafter dismissed the petition without conducting a hearing, finding that appellant's first petition lacked verification, and concluding that appellant's second petition was untimely filed. We find no error and affirm.

██ █ Rule 37.1(d) requires that a party seeking to attack a sentence must file a verified petition in the court which imposed the sentence. This court has recognized that the verification requirement of Rule 37.1 is one of substantive importance to prevent perjury. *Carey v. State*, 268 Ark. 332, 333, 596 S.W.2d 688, 689 (1987). Petitions that are not in compliance will not be filed without leave of the court. Ark. R. Crim. P. 37.1(e). Rule 37.2(c) states that if an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty days of the date the mandate was issued by the appellate court. *Porter v. State*, 339 Ark. 15, 18, 2 S.W.3d 73, 75 (1999). We have held that the filing deadlines imposed by this section are jurisdictional in nature and that if they are not met, a circuit court lacks jurisdiction to consider a Rule 37 petition or a petition to correct an illegal sentence on its merits. *Id.*

██ Appellant's first petition lacked verification, and therefore, was invalid. Appellant's second petition was not filed within the sixty-day time limit of Rule 37.2(c). As such, the circuit court lacked jurisdiction to grant the relief requested. Accordingly, the circuit court did not err in dismissing appellant's Rule 37 petitions.

Affirmed.