Sammy O. SMITH *v.* STATE of Arkansas

CR 05-27                                        207 S.W.3d 555

Supreme Court of Arkansas
Opinion delivered April 28, 2005

*John Wesley Hall, Jr.*, for appellant.

No response.

PER CURIAM. Appellant Sammy O. Smith was convicted of first-degree murder in the Desha County Circuit Court and sentenced to forty years' imprisonment. The Arkansas Court of Appeals affirmed his conviction and sentence in an unpublished opinion. *See Smith v. State,* CACR 01-218 (Ark. App. October 24, 2001). The mandate issued on November 14, 2001.

Thereafter, Appellant, through his attorney John Wesley Hall, filed a petition for postconviction relief under Ark. R. Crim. P. 37. The petition was denied by the trial court, and Appellant has lodged an appeal with this court. His brief was due to be filed with our clerk on April 15, 2005. However, on April 11, Appellant filed a motion asking this court to remand this matter to the trial court to settle the record as to when his petition was filed.

According to his motion, attorney Hall tendered the petition to the Desha County Circuit Clerk's office by fax machine on January 14, 2002, at 2:50 p.m. Hall later called the clerk's office and confirmed that the clerk had received the faxed transmission. That same date, Hall mailed the original copy of the petition to the clerk's office and also a copy to the prosecuting attorney.

Hall subsequently discovered that the copy of the petition in the record is file stamped April 8, 2003, over one year after he faxed the petition. Appellant asserts that this file-stamped date is incorrect, and he asks this court to remand this issue to the trial court to determine when the petition was filed.

Arkansas Rule of Criminal Procedure 37.2(c) provides that if an appeal is taken from the judgment of conviction, a petition for relief under Rule 37 must be filed within sixty days from the date the mandate was issued by the appellate court. *See also Engram v. State*, 360 Ark. 140, 200 S.W.3d 367 (2004); *Worthem v. State*, 347 Ark. 809, 66 S.W.3d 665 (2002) (*per curiam*). The filing deadlines imposed by this section are jurisdictional in nature; thus, if they are not met, a circuit court lacks jurisdiction to consider a Rule 37 petition on its merits. *Id.*

Because this court's jurisdiction to hear this appeal necessarily depends on Appellant having timely filed his petition for postconviction relief under Rule 37, we grant the motion to remand this matter to the trial court to settle the record. We hereby give the parties thirty days from the date of this *per curiam* order to settle this issue. Once we receive the trial court's findings, they will be made a part of the record on appeal, and Appellant will be given fifteen days thereafter to file his brief on appeal, including the trial court's findings on this issue in the addendum.

It is so ordered.