Shannon David BOYLE  *v.*  STATE of Arkansas

CR 03-854                                    208 S.W.3d 134

Supreme Court of Arkansas
Opinion delivered May 5, 2005

*Lea Ellen Fowler*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

PER CURIAM. Following a jury trial, Shannon David Boyle was convicted in Lonoke County Circuit Court on charges of aggravated robbery and theft of property. He was sentenced to sixty years' imprisonment in the Arkansas Department of Correction for the aggravated robbery offense and thirty years' imprisonment in the

Arkansas Department of Correction and a $6,000 fine for the theft of property offense. The sentences for the two offenses are to be served consecutively. Boyle's conviction was appealed, and the Arkansas Court of Appeals affirmed in an unpublished opinion, *Boyle v. State*, CACR 01-1146 (Ark. App. Oct. 9, 2002). The mandate issued October 29, 2002. Boyle filed a petition for postconviction relief under Ark. R. Crim. P. 37.1 on December 30, 2002. The circuit court issued an order February 13, 2003, dismissing the petition as untimely. Following a motion to set aside the order on the basis that Ark. R. Crim. P. 1.4 extended the period for filing through the weekend to the next business day, the circuit court set aside that order on April 23, 2003. However, on the same day, the court issued a second order dismissing the petition with prejudice in response to a motion to dismiss filed by the State on March 11, 2003. The court cited the petition length of thirteen pages and the signing and verification of the petition by the attorney, not the petitioner, as its basis for dismissal in the new order. Boyle brings this appeal from that order.

Appellant raises only one point on appeal, that the trial court erred in summarily dismissing the petition without complying with the provisions of Ark. R. Crim. P. 37.3. We find the trial court did comply with the provisions of Ark. R. Crim. P. 37.3 and affirm the trial court's denial of postconviction relief.

We do not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Dansby v. State,* 350 Ark. 60, 84 S.W.3d 857 (2002). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Flores v. State,* 350 Ark. 198, 85 S.W.3d 896 (2002). If the trial court finds the petition, files and records of a case conclusively show that the petitioner is not entitled to relief, Ark. R. Crim. P. 37.3(a) requires the court to make written findings specifying the parts of the record relied upon to sustain those findings. Here, the trial court found the petition was not compliant with Ark. R. Crim. P. 37.1 because the length of the petition was over the permitted limit and the petition was not properly verified. The court references the petition as sustaining those findings.

Arkansas Rules of Criminal Procedure 37.1(e) requires a petition be no more than ten pages in length, unless the

non-complying petition is filed with leave of the court. The trial court's order and the record provided indicate appellant did not request permission to extend the length of the petition, and the filed petition was thirteen pages. Appellant does not assert that he submitted any request for leave to file a longer petition, but rather contends the trial court consented to accept the petition with any defects when it failed to include page length as one of the reasons for dismissal within the first order of dismissal. Alternatively, appellant asserts the State waived the procedural requirements by failing to raise an objection on this basis earlier. Appellant admits the State was not required to file any response, and does not cite to any authority in support of either position. We do not find the arguments persuasive. This court will not consider an argument that presents no citation to authority or convincing argument. *Kelly v. State*, 350 Ark. 238, 85 S.W.3d 893 (2002). We find the trial court did not err in determining appellant's petition was not in compliance with Ark. R. Crim. P. 37.1(e).

■ Appellant next challenges the trial court's finding that the petition was not verified by the petitioner. He contends the petition was properly verified because the petition contained a notarized, sworn statement by appellant's attorney that the contents of the petition were true and correct. The State contends that the verification must be executed directly by the petitioner, not by his attorney. Arkansas Rules of Criminal Procedure 37.1(d) requires that the petition be verified. The rule does not address who may verify the petition. The State cites to language in *Westbrook v. State*, 286 Ark. 192, 197, 691 S.W.2d 123, 125 (1985) in support of its contention that the petition must be verified by the petitioner. The State does not cite cases, and we have found none, where this court has held that a petition is not verified by the petitioner, where it is verified by the petitioner's attorney. The trial court's order provides a citation that apparently was intended to send the reader to *Reed v. Baker*, 254 Ark. 631, 495 S.W.2d 849 (1973), although the citation provided is incorrect. *Reed* involves the verification of a petition in an election contest and does not address the question presented here. It is true, however, that the verification requirement for a postconviction relief petition is of substantive importance to prevent perjury. *Carey v. State*, 268 Ark. 332, 596 S.W.2d 688 (1980). We agree with the trial court that, in order for that purpose to be served, the petitioner must execute the

verification, and if the petitioner is represented by counsel, counsel may not sign and verify the petition for him. We affirm on this point, as well.

█ █ Since the petition was not verified as required by Ark. R. Crim. P. 37.1(d), and the petition did not comply with the page requirements of Ark. R. Crim. P. 37.1(e), the trial court properly dismissed the petition. Dismissal with prejudice was appropriate here, because a compliant brief could not be filed within the time limitations of Ark. R. Crim. P. 37.2(c). See *Worthem v. State*, 347 Ark. 809, 66 S.W.3d 665 (2002).

Affirmed.