Larry Neal SHAW, Jr. *v.* STATE of Arkansas

CR 05-52                                                    211 S.W.3d 506

Supreme Court of Arkansas
Opinion delivered June 30, 2005

No response.

*Mike Beebe,* Att'y Gen., by: *Brent P. Gasper,* Ass't Att'y Gen., for appellee.

PER CURIAM. Appellee, the State of Arkansas, moves this court to dismiss appellant Larry Neal Shaw, Jr.'s appeal from the circuit court's denial of his petition filed pursuant to Arkansas Rule of Criminal Procedure 37. Shaw pled guilty to theft by receiving, possession of a firearm by a felon, robbery, theft of property, fleeing, and two counts of aggravated assault. He was sentenced to 288 months' imprisonment. The judgment and commitment order was entered on September 22, 2003, and no appeal was taken.

On October 15, 2003, Shaw filed a *pro se* petition for postconviction relief to withdraw his guilty plea and for *habeas corpus* and error *coram nobis* relief. He then filed an amended *pro se* postconviction petition on November 13, 2003. Neither petition was verified. A third petition was filed on May 27, 2004, which appears to have been verified by a notary public. That same day, the circuit court entered an order denying Shaw's petition to withdraw his plea of guilt, finding that he had failed to state proper legal grounds for *habeas corpus* relief or relief under error *coram nobis,* and granting Shaw a hearing on his Rule 37 petition. The hearing was held, and on September 22, 2004, the circuit court entered its order denying his petition for relief pursuant to Ark. R. Crim. P. 37 and dismissing the petition with prejudice.

The State's motion asserts that Shaw's appeal should be dismissed for lack of jurisdiction due to Shaw's failure to verify

both his petition and his amended petition for postconviction relief. We find merit in the State's motion and grant it.

Arkansas Rule of Criminal Procedure 37.1(d) provides that a petitioner in custody under sentence of a circuit court claiming a right to be released, or to have a new trial, or to have the original sentence modified on the ground that the sentence is subject to collateral attack, may filed a *verified* petition in the court which imposed the sentence. *See* Ark. R. Crim. P. 37.1(d). Subsection (e) of Rule 37.1 further provides that petitions which are not in compliance with the rule will not be filed without leave of the court. *See* Ark. R. Crim. P. 37.1(e).

"Verification" is defined as "[a] formal declaration made in the presence of an authorized officer, such as a notary public, or . . . under oath but not in the presence of such an officer, whereby one swears to the truth of the statements in the document." *Black's Law Dictionary* (8th ed. 2004). This court recently observed that the verification requirement for a postconviction-relief petition is of substantive importance to prevent perjury. *See Boyle v. State*, 362 Ark. 248, 208 S.W.3d 134 (2005). *See also Knappenberger v. State*, 278 Ark. 382, 647 S.W.2d 417 (1983). Arkansas Rule of Criminal Procedure 37.2(c) states that if no appeal was taken from a plea of guilty, a petition claiming relief under this rule must be filed in the circuit court within ninety days of the date of entry of judgment. *See* Ark. R. Crim. P. 37.2(c). We have held that the time limitations imposed by Rule 37 are jurisdictional in nature and that if they are not met, a circuit court lacks jurisdiction to consider a Rule 37 petition. *See, e.g., Mims v. State*, 360 Ark. 96, 199 S.W.3d 681 (2004).

■ Shaw's first and second petitions to the circuit court lacked verification, and therefore, were invalid. His third petition was not filed within the ninety-day time limit of Rule 37.2(c). As such, the circuit court lacked jurisdiction to consider Shaw's petitions. *See Worthem v. State*, 347 Ark. 809, 66 S.W.3d 665 (2002).

Motion granted.