DeCarlos MORRIS *v.* STATE of Arkansas

CR 04-1387                                        226 S.W.3d 790

Supreme Court of Arkansas
Opinion delivered February 2, 2006

*Robinson & Associates, P.A.*, by: *Luke Zakrzewski*, for appellant.

No response.

PER CURIAM. DeCarlos Morris was found guilty at a jury trial of delivery of cocaine, possession of cocaine with intent to deliver, and delivery of marijuana, and sentenced to a total of 280 months' imprisonment in the Arkansas Department of Correction. The court of appeals affirmed the judgment in an unpublished opinion. *Morris v. State*, CACR 03-1391 (Ark. App. June 30, 2004). Morris filed a timely petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1, which was denied. Morris then appealed the order and, in an unpublished opinion, this court affirmed the dismissal of the petition by the trial court because appellant's petition was not verified. *Morris v. State*, CR 03-1387 (Ark. December 1, 2005). Appellant now brings this petition for rehearing, requesting this court to vacate our opinion and reach the merits of the appeal.

Rule 2-3(g) of the Rules of the Arkansas Supreme Court provides that a petition for rehearing should be used to call attention to specific errors of law or fact which the opinion is thought to contain and not to repeat arguments already considered and rejected by this court. Appellant contends this court erred in dismissing the appeal because the trial court addressed the merits of

his petition in its order denying postconviction relief. Appellant argues that the admitted lack of verification did not relieve the trial court of jurisdiction to hear the petition. He asserts that we may address the arguments in his petition because the trial court did so.

Arkansas Rule of Criminal Procedure 37.1(d) requires that the petition be verified and that a petition that is not verified may not be filed without leave of the court. *See also Wothem v. State*, 347 Ark. 809, 66 S.W.3d 665 (2002) (*per curiam*). While the argument is not specifically articulated, appellant would apparently have us construe the trial court's order as an effective grant of leave to proceed without verification of the petition. While the court may have addressed the issues raised in appellant's petition in determining that the petition should be denied and dismissed, there was no indication that the court was aware of the issue of verification or intended to address it. The record does not show that appellant filed a motion requesting permission to proceed despite the verification requirement, or that the issue was otherwise before the trial court. We will not construe the court's order as a grant of leave to proceed without verification simply because it addressed the issues in the petition.

It is well settled that the verification requirement for a postconviction relief petition is of substantive importance to prevent perjury. *Wothem* at 810, 66 S.W.3d at 666 (citing *Carey v. State*, 268 Ark. 332, 596 S.W.2d 688 (1980)); *Boyle v. State*, 362 Ark. 248, 208 S.W.3d 134 (2005) (*per curiam*); *Shaw v. State*, 363 Ark. 156, 211 S.W.3d 506 (2005) (*per curiam*). Appropriate deference to that importance requires that we not infer leave of the court where the issue of verification is not clearly before the court for consideration by means of a specific motion requesting leave to proceed without verification. As there was no mistake of fact or law in our previous opinion, we deny appellant's petition for rehearing.

Petition for rehearing denied.