Kingrale COLLINS *v.* STATE of Arkansas

CR 05-71                                                      231 S.W.3d 717

Supreme Court of Arkansas
Opinion delivered March 9, 2006

*Bill Luppen*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

Jim Hannah, Chief Justice. Kingrale Collins appeals the denial of his petition for postconviction relief under Ark. R. Crim. P. 37.5. Collins alleges that his counsel at trial and his counsel on appeal were ineffective, and that his conviction and sentence of death for capital murder are, therefore, unconstitutional. He seeks a new trial, or in the alternative, requests that this matter be remanded to the circuit court for further proceedings under Rule 37. We reverse and remand this case to the circuit court to appoint Rule 37.5 qualified counsel and grant Collins leave to file a petition that complies with Rule 37.5.

The record shows that there was a failure to comply with Rule 37.5. Collins was convicted and sentenced to death on October 21, 1997. More than six years have passed since the mandate issued on the direct appeal from Collins's conviction and sentence in this case. His conviction and sentence were affirmed by this court on June 3, 1999. *Collins v. State*, 338 Ark. 1, 991 S.W.2d 541 (1999). Collins began to pursue Rule 37.5 relief shortly thereafter. The record reveals the following history. Pursuant to Rule 37.5(b)(1), Collins appeared in Cross County Circuit Court on July 12, 1999, at which time counsel was appointed to pursue remedies under Rule 37.5. On July 14, 1999, the Capital, Conflicts and Appellate Office of the Arkansas Public Defender Commission was appointed as additional counsel, apparently based on recognition that counsel had to meet the qualifications set out in Rule 37.5.

A petition under Rule 37.5 was filed on October 12, 1999. However there is nothing in the record to show that the attorneys were qualified under Rule 37.5. The petition raises several points

on appeal, but it is not verified by Collins. "The petitioner must execute the verification, and if the petitioner is represented by counsel, counsel may not sign and verify the petition for him." *Boyle v. State*, 362 Ark. 248, 208 S.W.3d 134 (2005). The same attorneys filed two additional Rule 37 petitions on October 13, 1999, and October 14, 1999. Again, they were not verified by Collins. The State responded on October 18, 1999. However, no action was ever taken on these petitions.

Nothing further appears in the record regarding postconviction relief until a new attorney was appointed on January 31, 2003. Again, there is nothing in the record to show that he was qualified to represent Collins under Rule 37.5. Next, we find a pleading captioned "Rule 37 Petition" filed March 6, 2003, which appears to be a pro se petition by Collins relating to an alleged improper search and seizure. It is a form document that is mostly blank, and it was not notarized, verified, or signed. Additional similar form Rule 37 petitions and other handwritten documents alleging a void conviction were filed by Collins on March 6, 2003. They are largely illegible and incomprehensible.

We next find in the record a motion for discovery filed on September 15, 2003, by Collins's present counsel. There is nothing in the record memorializing his appointment or whether he is qualified under Rule 37.5. On October 6, 2003, an order was filed that Collins be brought to the Cross County Circuit Court for an appearance on that date; however, the order does not reveal the purpose of his appearance and does not reveal what occurred on that date.

We next find an order that Collins be brought to court on May 20, 2004. There is in the record a transcript from a Rule 37.5 hearing that took place on May 20, 2004. In that hearing, the parties refer to a petition under Rule 37.5. However, the record contains no Rule 37.5 petition filed by present counsel, and the points addressed at the May 20, 2004 hearing do not appear in any petition in the record. Based on the discussion of the court and counsel at the close of the hearing, we are left to assume that there was no written Rule 37.5 petition on which action was taken on May 20, 2004. Rather, the circuit court indicates that it is relying on notes and asks Collins's counsel to prepare a memorandum summarizing the hearing and points raised. A memorandum summarizing the May 20, 2004 hearing was filed by Collins's counsel on September 23, 2004. The order denying the Rule 37 petition

was presumably based on the hearing, the notes and the memorandum. None of the petitions filed since 1999 complied with Rule 37.5.

Rule 37.5 provides specific procedures setting out how postconviction relief is to be pursued and includes deadlines that must be met. Obviously, the intent of Rule 37.5 was not that it take six years for a person convicted of capital murder and sentenced to death to have a determination of whether his conviction and sentence are subject to constitutional challenge or otherwise subject to collateral attack.

In cases where the petitioner did not receive a sentence of death, we have simply affirmed denial of postconviction relief if the petition was not verified. As already noted, there is no verified petition, and that could be the basis for affirming the circuit court's decision. *See, e.g., Knappenberger v. State*, 278 Ark. 382, 647 S.W.2d 417 (1983). However, the death penalty has been imposed in this case. We have stated that there is no question that the death penalty is a unique punishment that demands unique attention to procedural safeguards. *Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003). As we noted in *Robbins, supra*:

> This court, early on, voiced its belief in the "humane principle applicable in general to criminal cases, and especially those where life is involved," and declined to exalt form over substance when dealing with the death penalty. *Bivens v. State*, 11 Ark. 455, 457 (1850). More recently, this court has repeatedly set aside strict adherence to procedural rules in connection with postconviction relief out of concern for fairness in death-penalty cases. *See, e.g., Sanders v. State*, 352 Ark. 520, 98 S.W.3d 35 [2003] (holding that a capital defendant should be afforded the protections of Rule 37.5 in this death case even though the rule was not in effect at the time of his offense); *McGhee v. State* [sic], 344 Ark. 602, 604, 43 S.W.3d 125, 127 (2001) (holding that, because "[d]eath-penalty cases are different from other criminal cases, due to the obvious finality of the punishment," a trial court was obligated to make specific findings of fact and conclusions of law in its order; refusing to affirm summarily despite a flagrantly deficient abstract); *Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001) (holding that in death penalty cases, Rule 37.5 requires a heightened level of scrutiny; remanding an insufficient order for specific findings of fact and conclusions of law on each issue raised); *Jackson v. State*, 343 Ark. 613, 619, 37 S.W.3d 595, 599 (2001) (holding that a capital defendant whose petition for

Rule 37 relief was late because of a "breakdown in the State-provided postconviction proceeding" was allowed to have his ineffective-assistance claims heard); *Coulter v. State*, 340 Ark. 717, 13 S.W.3d 171 (2000) (*per curiam*) (holding that a capital defendant whose petition for Rule 37 relief was late because notice of the trial court's denial was sent to the wrong address was allowed to file a belated appeal); *Porter v. State*, 339 Ark. 15, 19, 2 S.W.3d 73, 76 (1999) (holding that, in a case where a capital defendant justifiably relied on a belief that he was represented by counsel and that such counsel was timely filing postconviction petitions on his behalf, "that fundamental fairness, *in this narrowest of instances where the death penalty is involved*," required that the inmate be allowed to file a belated Rule 37 petition) (emphasis in original).

*Robbins*, 353 Ark. at 561–62, 114 S.W.3d at 221. Clearly, in this death case we have a breakdown in the postconviction relief proceedings. We therefore remand this case to the circuit court for the appointment of a Rule 37.5 qualified attorney and for Collins to file a verified petition for postconviction relief that complies with Rule 37.5. Collins may raise any and all issues he wishes to raise in the new petition.

Appointment of counsel must meet Rule 37.5 requirements. *Hill v. State*, 363 Ark. 480, 215 S.W.3d 589 (2005). All issues to be considered by the circuit court should be fully set out in a petition meeting the requirements of Rule 37.5. In the instant case, Collins requests that this matter be remanded so that one of his trial attorneys, who was not previously available, may testify. If this attorney testifies, his testimony may clarify some questions that are not answered in the present appeal. He may be able to cast light on the introduction of Richard Cox's statements. He may also be able to cast light on what occurred in an unrecorded conference in chambers. Following that conference, the prosecutor announced on the record that the defense would not be cross-examining Charlotte Archer. Defense counsel did not object or offer any explanation. Testimony of the prosecutor may also be helpful on this issue. Had the conference been held on the record, we would know why Archer was not cross-examined. This court has consistently disapproved of unrecorded chamber and bench conferences. *See Robinson v. State*, 353 Ark. 372, 108 S.W.3d 622 (2003). Obviously, this concern is heightened in cases where the death penalty is sought.

Upon issuance of the mandate from this appeal, the circuit court has twenty-one days under Rule 37.5(b)(1)(A) to appoint

qualified counsel and Collins is granted leave to file a petition that complies with Rule 37.5. All procedures under Rule 37.5 must be followed.