Timothy HOWARD *v.* STATE of Arkansas

CR 05-699

236 S.W.3d 508

Supreme Court of Arkansas
Opinion delivered May 25, 2006

*Montgomery, Adams & Wyatt, PLC,* by: *Dale E. Adams,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Lauren Elizabeth Heil,* Ass't Att'y Gen., for appellee.

P ER CURIAM. Appellant Timothy Howard was convicted of two counts of capital murder and one count of attempted capital murder and was sentenced to death. This court affirmed his convictions and sentences. *Howard v. State*, 347 Ark. 471, 79 S.W.3d 273 (2002). Howard initially filed a timely petition pursuant to Rule 37.5, which was properly verified. He then filed a motion to submit an amended petition, which the trial court granted. However, Howard's amended petition was only verified by his attorney, Dale Adams; Howard did not verify the petition himself. The circuit court denied Howard's petition in an order entered on March 17, 2005, and Howard brings this appeal from that order.

Ark. R. Crim. P. 37.1(c) (2006) requires that a petition for postconviction relief "shall be accompanied by the petitioner's affidavit, sworn to before a notary or other officer authorized by law to administer oaths, in substantially the following form[.]" The rule then sets out the form of the affidavit, which provides that the petition avers under oath that he or she has read the petition, and that the facts stated therein are "true, correct, and complete to the best of petitioner's knowledge and belief." The form of the affidavit then includes a space for the petitioner's signature. Under Rule 37.1(d), "[t]he circuit court or any appellate court *shall dismiss any petition that fails to comply with subsection (c) of this rule.*" (Emphasis added.)

This court has held that the verification requirement of the rule is one of substantive importance, and is intended to prevent perjury. *See Boyle v. State*, 362 Ark. 248, 208 S.W.3d 134 (2005) (citing *Carey v. State*, 268 Ark. 332, 596 S.W.2d 688 (1980)). Further, we have dismissed numerous appeals in Rule 37 cases because the petitions were not properly verified by the petitioner. *See, e.g., Morris v. State*, 365 Ark. 217, 226 S.W.3d 790 (2006) (denial of petition for reh'g); *Shaw v. State*, 363 Ark. 156, 211 S.W.3d 506 (2005); *Boyle, supra.* However, none of these cases were death-penalty cases.

In *Collins v. State*, 365 Ark. 411, 231 S.W.3d 717 (2006), the petitioner, Collins, had received the death penalty in 1999. During the next few years, numerous postconviction petitions were filed on Collins's behalf, but none of them complied with Ark. R. Crim. P. 37.5, and none was verified by Collins. When Collins's case made its way before this court, we noted that, in cases where the petitioner did not receive a sentence of death, we have simply affirmed denial of postconviction relief if the petition was not verified. However, we continued by noting that the death penalty

had been imposed in Collins's case, and we have frequently stated that "there is no question that the death penalty is a unique punishment that demands unique attention to procedural safeguards." *Collins*, 365 Ark. at 414. Citing *Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003), the *Collins* court noted numerous cases in which we had "set aside strict adherence to procedural rules in connection with postconviction relief out of concern for fairness in death-penalty cases." *Id.* (citing *Robbins*, 353 Ark. at 561); *see also Sanders v. State*, 352 Ark. 520, 98 S.W.3d 35 (2003); *McGhee v. State*, 344 Ark. 602, 604, 43 S.W.3d 125, 127 (2001); *Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001); *Jackson v. State*, 343 Ark. 613, 619, 37 S.W.3d 595, 599 (2001); *Coulter v. State*, 340 Ark. 717, 13 S.W.3d 171 (2000) (*per curiam*); and *Porter v. State*, 339 Ark. 15, 19, 2 S.W.3d 73, 76 (1999). The court in *Collins* concluded as follows:

> Clearly, in this death case we have a breakdown in the postconviction relief proceedings. We therefore remand this case to the circuit court . . . for Collins to file a verified petition for postconviction relief that complies with Rule 37.5.

*Id.*

■ We reach the same conclusion in the instant case. Because Howard was sentenced to death, we set aside our strict adherence to procedural rules, and we do not dismiss his appeal out of hand. We do, however, remand the case to the circuit court for Howard to file a verified petition for postconviction relief and file a supplemental record with this court within fifteen days from the date of this order.

SPECIAL JUSTICE A. WATSON BELL, joins.

CORBIN, J., not participating.