Karen R. Baker, Justice, dissenting. Today, rather than acknowledge our own error in Ward’s postconviction case, the majority upends our precedents recognizing the unique procedural safeguards afforded to petitioners under a sentence of death. Ward’s petition for postconviction relief was unverified. As a result, neither the circuit court that denied it, nor this court had jurisdiction to address his claims. I cannot agree with the majority’s characterization of our decision rendered absent jurisdiction as enuring to Ward’s benefit. Ward is under a sentence of death and should receive the same procedural safeguards afforded to every post-conviction petitioner under that sentence. At the very least, he is entitled to a decision rendered by a court of competent jurisdiction. By failing to recall the mandate in this case the majority runs afoul of many precedents, in addition to Wooten. Because I would hold that a decision rendered without jurisdiction constitutes a breakdown 112in the appellate process sufficient to justify recall of the mandate, I would grant Ward’s motion. Accordingly, I dissent. Rule 37.1(c) requires a petitioner to verify his petition for postconviction relief. In cases where the petitioner did not receive a sentence of death, we have simply affirmed denial of postconviction relief if the petition was not verified and we have not afforded the petitioner a second chance to verify the petition and have his claims addressed by this court. Collins v. State, 365 Ark. 411, 414, 231 S.W.3d 717, 719 (2006). However, we have stated that there is no question that the death penalty is a unique punishment that demands unique attention to procedural safeguards. Id. (citing Robbins v. State, 353 Ark. 556, 354 Ark. 1, 114 S.W.3d 217 (2003)). This court has repeatedly set aside strict adherence to procedural rules in connection with postconviction relief out of concern for fairness in death-penalty cases. Id. One of the procedural safeguards we have afforded to persons under a sentence of death is the opportunity to verify an unverified petition for postconviction relief, rather than having a denial affirmed as a result of a procedural error. Wooten v. State, 2010 Ark. 467, 370 S.W.3d 475, is hardly unique in recognizing the procedural safeguards afforded to petitioners under a sentence of death. See Collins, supra; see also Howard v. State, 366 Ark. 453, 455, 236 S.W.3d 508, 509 (2006) (per curiam) (“Because Howard was sentenced to death, we set aside our strict adherence to procedural rules, and we do not dismiss his appeal out of hand. We do, however, remand the case to the circuit court for Howard to file a verified petition for post-conviction relief and file a supplemental record with this court within fifteen days from 11sthe date of this order.”). Even more troubling is the fact that this court has repeatedly stated that an unverified Rule 37 petition deprives the circuit court, and consequently the appellate court, of jurisdiction. Adkins v. State, 2014 Ark. 349, 438 S.W.3d 914; Branning v. State, 2014 Ark. 256, at 4, 2014 WL 2463083 (“We have held that a circuit court lacks jurisdiction to consider arguments raised in an unverified Rule 37.1 petition.”); Martin v. State, 2012 Ark. 312, 2012 WL 3372998; Williamson v. State, 2012 Ark. 170, 2012 WL 1353171; Stephenson v. State, 2011 Ark. 506, 2011 WL 5995557. This is because Rule 37.1(d) requires dismissal of an unverified petition. Stewart v. State, 2014 Ark. 85, at 2, 2014 WL 689043 (per curiam) (“Rule 37.1(d) requires that the circuit clerk reject an unverified petition and that the circuit court or the appellate court must dismiss a petition that fails to comply with Rule 37.1(c).)”; see also Paige v. State, 2013 Ark. 135, 2013 WL 1281833; Hatton v. State, 2012 Ark. 286, 2012 WL 2356516 (per curiam); Keck v. State, 2013 Ark. 139, 2013 WL 1385240. It is axiomatic that when the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. Stewart, 2014 Ark. 85, 2014 WL 689043; Paige, 2013 Ark. 135, 2013 WL 1281833; Williamson, 2012 Ark. 170, 2012 WL 1353171; Talley v. State, 2011 Ark. 497, 2011 WL 5589271 (per curiam); Gilliland v. State, 2011 Ark. 480, 2011 WL 5437539 (per curiam). I acknowledge that the above cases discussing jurisdiction are cases applying Rule 37.1, whereas petitions filed by persons under a sentence of death must comply with Rule 37.5. However, Rule 37.5 explicitly provides that the provisions of Rules 37.1 shall apply to a petition for postconviction relief filed by a person under sentence of death, unless otherwise provided for in the rule. Ark. R. Civ. P. 37.5(a). Rule 37.1(d) provides that the circuit clerk “shall not accept for filing” any petition that is not verified. Likewise, the rule provides that 114the circuit court or any appellate court shall dismiss any petition that fails to comply with the verification requirements. Ark. R.Crim. P. 37.1(d). There is nothing in Rule 37.5 that changes the verification requirements of Rule 37.1, nor does it change the dismissal requirement under 37.1(d). The dismissal requirement of 37.1(d) is the reason why this court has recognized an exception for persons under a sentence of death who file unverified petitions; otherwise, this court would be obligated, by the text of the rule, to dismiss those unverified petitions without addressing the postconviction claims of those facing the ultimate punishment. Without such a grace, the dismissal of an unverified petition might foreclose the possibility of review entirely. Ark. R. Crim. P. 37.5(e); see also Jackson v. State, 343 Ark. 613, 617, 37 S.W.3d 595, 597 (2001) (holding that in a capital case involving the death penalty and involving Rule 37.5, the court must address whether due process requirements of fundamental fairness compel the circuit court to address untimely Rule 37 petitions on their merits). The majority relies on Howard, supra for the proposition that because we reviewed Ward’s Rule 37 petition and did not dismiss it outright, he has received all of the process he is due. Howard stands for no such proposition. In Howard, the petitioner, who was under a sentence of death, filed a verified Rule 37.5 petition and then filed an unverified amended petition. Howard, 366 Ark. at 454, 236 S.W.3d at 508. The circuit court dismissed the unverified amended petition and the petitioner appealed. This court remanded the petition for verification. We did not reach the merits of the petition, nor did we endorse the view that we could simply review an unverified petition and thereby satisfy our procedural rules. Id. at 455, 236 S.W.3d at 509. Instead, we stated that in a death-penalty case the failure to verify was “clearly” a breakdown in the appellate process. Id. Moreover, the majority fails to acknowledge' that actions taken by a court without jurisdiction . are null and void — no matter how much process has occurred. See, e.g., Villines v. Harris, 362 Ark. 393, 398, 208 S.W.3d 763, 767 (2005). Moreover, I do not understand the majority’s assertion that they are merely following in the steps of precedents holding jurisdictional issues in abeyance in death penally cases. First, by overruling Wooten, the majority actually is depriving Ward of the same procedure that has been afforded to others sentenced to death. Second, the cases cited by the majority all recognize that there is a jurisdictional bar to hearing a Rule 37 petition that does not adhere to filing requirements under the rules. While we have previously set aside such jurisdictional bars in death penalty cases, the fact remains that we have treated the time requirements and the verification requirement as. jurisdictional. Finally, I note that our precedents holding that verification requirements are jurisdictional in nature are hardly novel. See Pattillo v. Toler, 210 Ark. 231, 233, 196 S.W.2d 224, 225 (1946) (finding that when a rule proscribes the procedure to vacate or modify the judgment after the term at which it was entered has concluded, and that rule requires that the complaint or petition be verified by affidavit, the verification is a jurisdictional requirement) (citing Merriott v. Kilgore, 200 Ark. 394, 139 S.W.2d 387, First Nat’l Bank of Manchester, Iowa v. Dalsheimer, 157 Ark. 464, 248 S.W. 575).[1] While I acknowledge that Pat-tillo does not |1fipertain to Rule 37 cases, the legal concept that verification requirements are jurisdictional in nature is not something that has arisen solely in the present context. Because the majority errs by refusing to recognize that Ward’s unverified petition constitutes a breakdown in the appellate process that rendered this court without jurisdiction to determine the merits of his Rule 37 petition, I respectfully dissent. Hart, J., joins. . Patillo was decided under superseded Ark. Stat. Ann. § 27-1105 (Repl. 1962), which required that a complaint, answer and reply be verified. We no longer require verification of all pleadings. See Ark. R. Civ. P. 11 rptr. n.2.