SLIP OPINION

Cite as 2015 Ark. 97

# SUPREME COURT OF ARKANSAS

No. CR-13-514

| | |
|---|---|
| BRUCE WAYNE BROWN<br><div align="right">APPELLANT</div><br><br>V.<br><br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered** March 5, 2015<br><br>PRO SE APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-10-272]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br><u>REMANDED FOR FINDINGS OF FACT</u>. |

**PER CURIAM**

In 2011, appellant Bruce Wayne Brown was found guilty by a jury in the Garland County Circuit Court of the rape of his minor stepdaughter, B.B., and he was sentenced to a term of life imprisonment. This court affirmed. *Brown v. State*, 2012 Ark. 399, 424 S.W.3d 288. Appellant subsequently filed in the circuit court a timely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). The circuit court summarily denied appellant's request for postconviction relief without a hearing, and appellant now brings this appeal.[1]

On appeal, the appellee State alleges that appellant's Rule 37.1 petition may not have been properly verified. Specifically, the State contends that the dates on the petition seem to indicate that appellant did not sign the affidavit until two days after the notary had affixed her

---

[1]Appellant also filed in the circuit court a pleading entitled, "Petition to Supplement the Record and Request Permission to add these D.N.A. Facts to Petitioner's Rule 37 Petition," which was also denied in the circuit court's March 6, 2013 order.

SLIP OPINION

signature and seal to the petition.

Rule 37.1(c) requires that the petition be accompanied by *an affidavit that is sworn before a notary* or other officer authorized to administer oaths; in substantially the form noted in that provision; and attesting that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief. Rule 37.1(d) requires that the circuit court reject an unverified petition and that the circuit court or the appellate court dismiss a petition that fails to comply with Rule 37.1(c). *Branning v. State*, 2014 Ark. 256 (per curiam); *Slocum v. State*, 2014 Ark. 178 (per curiam).

In the instant case, while appellant's signature on the petition was notarized on December 9, 2012, it is unclear from the face of the petition whether *the affidavit was sworn to before a notary* as is required by Rule 37.1(c). The handwritten affidavit attesting that the facts stated in the petition are true, correct, and complete to the best of appellant's knowledge is not dated and is sandwiched between two blocks of text containing the date, December 11, 2012.

The verification requirement for a postconviction petition is of substantive importance to prevent perjury. *Stewart v. State*, 2014 Ark. 85 (per curiam); *Fowler v. State*, 2013 Ark. 340 (per curiam); *Paige v. State*, 2013 Ark. 135 (per curiam); *Williamson v. State*, 2012 Ark. 170 (per curiam). We have held that a circuit court lacks jurisdiction to consider arguments raised in an unverified Rule 37.1 petition. *Williamson*, 2012 Ark. 170. When the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Winnett v. State*, 2012 Ark. 404 (per curiam); *Talley v. State*, 2011 Ark. 497 (per curiam).

Because the issue of whether the underlying petition is properly verified is determinative

of our jurisdiction to hear the instant appeal, we remand to the circuit court for factual findings concerning the verification of appellant's Rule 37.1 petition. The circuit court shall return its findings of fact, along with a transcript of any hearing on the matter, within ninety days from the date of this order.

Remanded for findings of fact.

HANNAH, C.J., and DANIELSON and WOOD, JJ., concur.

**PAUL E. DANIELSON, Justice, concurring.** I concur but write separately to express my concern regarding the trend in our case law to hold that lack of verification of a petition filed pursuant to Arkansas Rule of Criminal Procedure 37 is a jurisdictional defect. This court has consistently held that the verification requirement for a postconviction-relief petition is of substantive importance to prevent perjury. *See, e.g.*, *Carey v. State*, 268 Ark. 332, 596 S.W.2d 688 (1980). To serve this purpose, a petitioner must execute the verification, and if the petitioner is represented by counsel, counsel may not sign and verify the petition for him. *See, e.g.*, *Boyle v. State*, 362 Ark. 248, 208 S.W.3d 134 (2005) (per curiam). Historically, if a petition lacked the proper verification, this court simply affirmed a circuit court's denial of postconviction relief. *See, e.g.*, *Knappenberger v. State*, 278 Ark. 382, 647 S.W.2d 417 (1983). But, in recent years, there has been a trend to dismiss appeals if a postconviction petition lacked the proper verification.

It appears to me that some of the conflicting holdings can be traced back to this court's decision in *Shaw v. State*, 363 Ark. 156, 211 S.W.3d 506 (2005) (per curiam). There, the State filed a motion to dismiss an appeal from the denial of a Rule 37 petition because the petitioner failed to verify his petition or amended petition. The *Shaw* court granted the State's motion,

observing that a circuit court cannot consider issues in a petition which does not comply with the verification requirement of the Rule. But, the *Shaw* court then held that the petition must be dismissed because the circuit court lacked jurisdiction where a subsequently verified petition was not filed within the ninety-day time limit of Rule 37.2(c). Similarly, in *Worthem v. State*, 347 Ark. 809, 66 S.W.3d 665 (2002) (per curiam), this court held that an unverified petition was "invalid" and a subsequent verified petition that was filed outside the time limits of the rule deprived the circuit court of jurisdiction to consider the merits of the petition. *Id.* at 810, 66 S.W.3d at 665. Unfortunately, however, this court began citing to the decisions in *Shaw* and *Worthem* for the proposition that "a circuit court lacks jurisdiction to consider arguments raised in an unverified Rule 37.1 petition." *See, e.g.*, *Stephenson v. State*, 2011 Ark. 506, at 2 (per curiam).

Although Rule 37.1(d) plainly states that a circuit court shall not accept an unverified petition for filing and further requires a circuit or appellate court to dismiss an unverified petition, this court has not traditionally treated this rule as being jurisdictional in nature, as it does Rule 37.2(c). This distinction is important because this court has remanded death-penalty cases to the circuit court with instructions that petitioners be allowed to file verified Rule 37.5 petitions. *See Howard v. State*, 366 Ark. 453, 236 S.W.3d 508 (2006) (per curiam); *Collins v. State*, 365 Ark. 411, 231 S.W.3d 717 (2006). If the failure to file a verified petition creates a jurisdictional defect, then this court would have lacked jurisdiction to remand in both *Howard* and *Collins*.

Clearly, our case law is not consistent on the question of whether the lack of verification deprives a circuit court or this court of jurisdiction. Because that issue is not raised to us in this

particular case, nor do we have the benefit of adversarial briefing on the issue, I concur in the per curiam. However, when the issue is properly before us, I think it will be necessary for this court to address and determine whether lack of verification deprives a court of jurisdiction.

For these reasons, I respectfully concur.

HANNAH, C.J., and WOOD, J., join.

*Bruce Wayne Brown*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.