SLIP OPINION  Cite as 2013 Ark. 340

# SUPREME COURT OF ARKANSAS

No. CR-12-481

| | | |
|---|---|---|
| JAMIE LYNN FOWLER | PETITIONER | Opinion Delivered September 19, 2013 |
| V. | | PRO SE MOTION FOR RULE ON CLERK [YELL COUNTY CIRCUIT COURT, 75CR-08-33, HON. JERRY RAMEY, JUDGE] |
| STATE OF ARKANSAS | RESPONDENT | MOTION DENIED. |

## PER CURIAM

In 2010, petitioner Jamie Lynn Fowler was found guilty by a jury of manufacturing methamphetamine and possession of drug paraphernalia, and he was sentenced as a habitual offender to an aggregate term of 780 months' imprisonment. The Arkansas Court of Appeals affirmed. *Fowler v. State*, 2011 Ark. App. 321. Petitioner subsequently filed in the circuit court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). The petition was denied on October 5, 2011. Petitioner timely filed a notice of appeal from the order on October 19, 2011, but he did not tender the record to this court within ninety days of the date of the notice of appeal as required by Arkansas Rule of Appellate Procedure–Criminal 4(b) (2011).[1] Now before us is petitioner's pro se motion for rule on clerk seeking to file the record belatedly.

We deny the petition because it is clear from the partial record tendered by petitioner that he could not prevail on appeal if the motion were granted. An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the

---

[1] The record was tendered 236 days after the notice of appeal was filed.

appellant could not prevail. *Glaze v. State*, 2013 Ark. 141 (per curiam); *Paige v. State*, 2013 Ark. 135 (per curiam); *Crain v. State*, 2012 Ark. 412 (per curiam); *Hatton v. State*, 2012 Ark. 286 (per curiam).

Criminal Procedure Rule 37.1 requires that a petition filed under the Rule be verified. Ark. R. Crim. P. 37.1(c)–(d); *see Riley v. State*, 2010 Ark. 347 (per curiam) (citing *Nelson v. State*, 363 Ark. 306, 213 S.W.3d 645 (2005) (per curiam)). Rule 37.1(c) provides a form of affidavit to be attached to the petition. The verification requirement for a petition for postconviction relief is of substantive importance to prevent perjury. *Paige*, 2013 Ark. 135; *Riley*, 2010 Ark. 347. For that purpose to be served, the petitioner must sign the petition and execute the requisite affidavit or verification. *Riley*, 2010 Ark. 347 (citing *Boyle v. State*, 362 Ark. 248, 208 S.W.3d 134 (2005) (per curiam)).

Petitioner's petition for postconviction relief was not accompanied by the required verification; thus, petitioner did not meet the requirements of Rule 37.1(c). Rule 37.1(d) requires that the circuit clerk reject an unverified petition and that the circuit court or any appellate court must dismiss a petition that fails to comply with the requirements of Rule 37.1(c). *Paige*, 2013 Ark. 135.

Motion denied.

*Jamie Lynn Fowler*, pro se petitioner.

No response.