SLIP OPINION



# SUPREME COURT OF ARKANSAS

### No. CR–13–798

| | | |
|---|---|---|
| | | **Opinion Delivered** February 20, 2014 |
| JAMES STEWART | | |
| | APPELLANT | PRO SE MOTION FOR COPY OF RECORD [PULASKI COUNTY CIRCUIT COURT, 60CR–11–1720] |
| v. | | |
| STATE OF ARKANSAS | | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | APPELLEE | |
| | | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 2012, appellant James Stewart was found guilty by a jury of rape and second-degree assault. He was sentenced as a habitual offender to life imprisonment, 216 months' imprisonment, and a fine of $10,000. We affirmed. *Stewart v. State*, 2012 Ark. 444.

In 2013, appellant filed in the trial court a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012), seeking to vacate the judgment. The petition was denied on June 7, 2013, and appellant has lodged an appeal in this court from the order.[1] Now before us is appellant's motion seeking a copy of the record on

---

[1]On June 7, 2013, appellant tendered to this court a pro se petition for writ of mandamus in which he contended that the trial court had not taken timely action on the Rule 37.1 petition. Appellant also served a copy of the mandamus petition on the respondent judge by filing a copy of the mandamus petition with the circuit clerk on June 11, 2013. On June 11, 2013, the trial court entered an order dismissing the mandamus petition, noting that the mandamus petition should not have been placed on the court's docket as a pleading for the trial court to act on inasmuch as it was merely a copy of a petition tendered for filing in this court. While a copy of the June 11, 2013 order appears in the record lodged in this court, the notice of appeal in the record designates only the June 7, 2013 order that denied the Rule 37.1 petition.

SLIP OPINION

appeal.

As it is clear from the record that appellant could not prevail on appeal, we dismiss the appeal. The motion is moot. An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward when it is clear that the appellant could not prevail. *Paige v. State*, 2013 Ark. 135 (per curiam); *Riddell v. State*, 2012 Ark. 11 (per curiam); *see also Fowler v. State*, 2013 Ark. 340 (per curiam).

Appellant's petition was not in compliance with the Rule in that it was not verified in accordance with Rule 37.1(c). Rule 37.1(c) requires that the petition be accompanied by an affidavit that is sworn before a notary or other officer authorized to administer oaths; in substantially the form noted in that provision; and attesting that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief. Rule 37.1(d) requires that the circuit clerk reject an unverified petition and that the circuit court or the appellate court must dismiss a petition that fails to comply with Rule 37.1(c). *Fowler*, 2013 Ark. 340; *Paige*, 2013 Ark. 135; *Williamson v. State*, 2012 Ark. 170 (per curiam); *Stephenson v. State*, 2011 Ark. 506 (per curiam). Appellant's signature on the petition was notarized, but there was no verification that the facts stated in the petition were true, correct, and complete as required by the Rule.

The verification requirement for a postconviction-relief petition is of substantive importance to prevent perjury. *Fowler*, 2013 Ark. 340; *Martin v. State*, 2012 Ark. 312 (per curiam); *Williamson*, 2012 Ark. 170; *Tucker v. State*, 2011 Ark. 543 (per curiam); *see Carey v. State*, 268 Ark. 332, 596 S.W.2d 688 (1980). We have held that a circuit court lacks

SLIP OPINION

jurisdiction to consider arguments raised in an unverified Rule 37.1 petition. *Martin*, 2012 Ark. 312; *Williamson*, 2012 Ark. 170; *Stephenson*, 2011 Ark. 506. Because appellant's Rule 37.1 petition was not in compliance with Rule 37.1(c), it should not have been accepted for filing, and it did not act to confer jurisdiction on the trial court to consider the merits of the petition. *Paige*, 2013 Ark. 135; *Hatton v. State*, 2012 Ark. 286 (per curiam); *see also Keck v. State*, 2013 Ark. 139. Where the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Paige*, 2013 Ark. 135; *Williamson*, 2012 Ark. 170; *Talley v. State*, 2011 Ark. 497 (per curiam); *Gilliland v. State*, 2011 Ark. 480 (per curiam).

Appeal dismissed; motion moot.

*James Steward*, pro se appellant.

No response.