SLIP OPINION  Cite as 2014 Ark. 178

# SUPREME COURT OF ARKANSAS

No. CR-14-96

| | | |
|---|---|---|
| JACQUES SLOCUM | | Opinion Delivered April 17, 2014 |
| | APPELLANT | |
| | | PRO SE MOTION FOR EXTENSION OF BRIEF TIME |
| V. | | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-11-4387] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE] |
| | | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 2012, appellant Jacques Slocum was found guilty by a jury of second-degree murder, fleeing, and first-degree endangering the welfare of a minor. Appellant was sentenced to respective terms of imprisonment of 600 months, 144 months, and 144 months, to be served consecutively. Also imposed were enhanced sentences of 120 months for committing the homicide in the presence of a child and 180 months for employing a firearm in committing a felony. The Arkansas Court of Appeals affirmed. *Slocum v. State*, 2013 Ark. App. 309.

After the judgment was affirmed, appellant filed in the trial court a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012), seeking to vacate the judgment on the ground that he was not afforded effective assistance of counsel at trial.[1] The petition was denied after a hearing, and appellant lodged an appeal in this court from

---

[1]Appellant filed a Rule 37.1 petition in the trial court while the direct appeal was pending. It was dismissed without prejudice on the ground that the direct appeal was on-going

SLIP OPINION

the order.  Now before us is appellant's motion for extension of time to file his brief-in-chief.

As it is clear from the record that appellant could not prevail on appeal, we dismiss the appeal.  The motion is moot.  An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Stewart v. State*, 2014 Ark. 85 (per curiam); *Paige v. State*, 2013 Ark. 135 (per curiam).

Appellant's petition was not in compliance with the Rule in that it was not verified in accordance with Rule 37.1(c).  Rule 37.1(c) requires that the petition be accompanied by an affidavit that is sworn before a notary or other officer authorized to administer oaths; in substantially the form noted in that provision; and attesting that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief.  Rule 37.1(d) requires that the circuit clerk reject an unverified petition and that the circuit court or the appellate court must dismiss a petition that fails to comply with Rule 37.1(c).  *Stewart*, 2014 Ark. 85; *Paige*, 2013 Ark. 135; *see also Williamson v. State*, 2012 Ark. 170 (per curiam);  *Stephenson v. State*, 2011 Ark. 506 (per curiam).  Appellant's signature on the petition was notarized, but there was no verification that the facts stated in the petition were true, correct, and complete as required by the Rule.

The verification requirement for a postconviction-relief petition is of substantive importance to prevent perjury. *Stewart*, 2014 Ark. 85; *Martin v. State*, 2012 Ark. 312 (per curiam); *Williamson*, 2012 Ark. 170; *Tucker v. State*, 2011 Ark. 543 (per curiam); *see Carey v. State*, 268 Ark.

---

and the trial court was without jurisdiction to consider the petition during the pendency of the appeal under Rule 37.2(a).  Appellant appealed to this court.  We dismissed the appeal. *Slocum v. State*, 2013 Ark. 74 (per curiam).  Appellant subsequently proceeded with the timely petition under the Rule.

Cite as 2014 Ark. 178

332, 596 S.W.2d 688 (1980). We have held that a circuit court lacks jurisdiction to consider arguments raised in an unverified Rule 37.1 petition. *Stewart*, 2014 Ark. 85; *Martin*, 2012 Ark. 312; *Williamson*, 2012 Ark. 170; *Stephenson*, 2011 Ark. 506. Because appellant's Rule 37.1 petition was not in compliance with Rule 37.1(c), it should not have been accepted for filing, and it did not act to confer jurisdiction on the trial court to consider the merits of the petition. *Stewart*, 2014 Ark. 85; *Paige*, 2013 Ark. 135; *Hatton v. State*, 2012 Ark. 286 (per curiam). Where the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Stewart*, 2014 Ark. 85; *Paige*, 2013 Ark. 135; *Williamson*, 2012 Ark. 170; *Talley v. State*, 2011 Ark. 497 (per curiam); *Gilliland v. State*, 2011 Ark. 480 (per curiam).

Appeal dismissed; motion moot.

*Jacques Slocum*, pro se appellant.

No response.