SLIP OPINION

Cite as 2014 Ark. 256

# SUPREME COURT OF ARKANSAS

No. CR-13-332

| | |
|---|---|
| CHRISTOPHER BRANNING<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** May 29, 2014<br><br>PRO SE MOTION FOR RULE ON CLERK<br>[BOONE COUNTY CIRCUIT COURT, NO. 05CR-04-244]<br><br>HONORABLE GORDON WEBB, JUDGE<br><br><u>APPEAL DISMISSED; MOTION MOOT.</u> |

**PER CURIAM**

In 2005, appellant Christopher Branning was found guilty of second-degree stalking, two counts of first-degree terroristic threatening, and misdemeanor violation of a protective order. He was sentenced to concurrent terms of 120 months, 72 months, 72 months, and 259 days, respectively. On direct appeal, appellant argued that the trial court erred in denying his motions to dismiss the judgments based on double-jeopardy and speedy-trial grounds. In an unpublished opinion, the Arkansas Court of Appeals reversed and dismissed appellant's convictions for second-degree stalking and one count of terroristic threatening based on double-jeopardy grounds; appellant's speedy-trial argument was not addressed. *Branning v. State*, CR-05-989 (Ark. App. Apr. 4, 2007) (unpublished) (original docket no. CACR 05-989). After granting the State's petition for review, we vacated the opinion of the court of appeals and affirmed the circuit court's denial of the motions to dismiss based on both double-jeopardy and speedy-trial grounds. *Branning v. State*, 371 Ark. 433, 267 S.W.3d 599 (2007).

On January 18, 2007, appellant filed a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2005). Based on the requirement that a person must be in custody to be eligible for postconviction relief, the circuit court dismissed the petition on the basis that appellant was on parole such that he was not in custody at the time that he filed the petition or at the time of the hearing. However, when the trial court's written order denying relief was filed on January 5, 2009, appellant's parole had been revoked. On appeal, appellant raised a number of allegations of error, including the argument that he was eligible for relief because his parole had been revoked such that he was in custody at the time that the written order was entered. Reversing the trial court's denial of postconviction relief and remanding the case, we held that, because an oral order is not effective until entered of record, the trial court did not dispose of appellant's petition until January 5, 2009, at which time appellant was in custody. Because we reversed and remanded on this issue, we did not address the remaining allegations of error. *Branning v. State*, 2010 Ark. 401.

On remand, appellant filed a pro se amended petition for postconviction relief on February 25, 2011. A second pro se amended petition was filed on July 6, 2011. On July 7, 2011, appellant filed a notarized affidavit verifying the contents of the petition filed on July 6. The record indicates that the allegations in both the February 25 and July 6 amended petitions were substantially the same. While the trial court stated at the Rule 37.1 hearing that the July 6 amended petition would be accepted and considered, it referred solely to the February 25 amended petition in its written order denying relief. When there are differences between the oral ruling and the written order, the circuit court's written order controls. *State v. Williams*, 2013 Ark. 164. Appellant timely lodged an appeal of the trial court's order in this court. Because the

February 25 amended petition was not included in the record, a writ of certiorari was issued to bring up a copy of the pleading. *Branning v. State*, 2014 Ark. 58 (per curiam). The writ has been returned. Now before us is appellant's motion for rule on clerk in which he seeks an order directing the clerk to file his brief-in-chief that was tendered one day past the due date.

We need not consider the merits of the motion for rule on clerk because it is clear from the record that appellant could not prevail if an appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed when it is clear that the appellant could not prevail. *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates v. State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam). Accordingly, the appeal is dismissed, and the motion is moot.

The February 25 amended petition now before us was not in compliance with Rule 37.1 in that it was not verified in accordance with Rule 37.1(c). Rule 37.1(c) requires that the petition be accompanied by an affidavit that is sworn before a notary or other officer authorized to administer oaths; in substantially the form noted in that provision; and attesting that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief. Rule 37.1(d) requires that the circuit court reject an unverified petition and that the circuit court or the appellate court must dismiss a petition that fails to comply with Rule 37.1(c). *Stewart v. State*, 2014 Ark. 85 (per curiam); *Fowler v. State*, 2013 Ark. 340 (per curiam); *Paige v. State*, 2013 Ark. 135 (per curiam); *Williamson v. State*, 2012 Ark. 170 (per curiam); *Stephens v. State*, 2011 Ark. 506 (per curiam). Appellant's signature on the amended petition was not notarized, and there was no verification that the facts stated in the petition were true, correct, and complete as required by the Rule.

The verification requirement for a postconviction petition is of substantive importance to prevent perjury. *Stewart*, 2014 Ark. 85; *Fowler*, 2013 Ark. 340; *Martin v. State*, 2012 Ark. 312 (per curiam); *Williamson*, 2012 Ark. 170; *Tucker v. State*, 2011 Ark. 543 (per curiam); *see Carey v. State*, 268 Ark. 332, 596 S.W.2d 688 (1980). We have held that a circuit court lacks jurisdiction to consider arguments raised in an unverified Rule 37.1 petition. *Martin*, 2012 Ark. 312; *Williamson*, 2012 Ark. 170; *Stephenson*, 2011 Ark. 506. Because appellant's amended Rule 37.1 petition was not in compliance with Rule 37.1(c), it should not have been accepted for filing, and it did not act to confer jurisdiction on the trial court to consider the merits of the petition. *Stewart*, 2014 Ark. 85; *Paige*, 2013 Ark. 135; *Hatton v. State*, 2012 Ark. 286 (per curiam); *see also Keck v. State*, 2013 Ark. 139. When the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Stewart*, 2014 Ark. 85; *Paige*, 2013 Ark. 135; *Williamson*, 2012 Ark. 170; *Talley v. State*, 2011 Ark. 497 (per curiam); *Gilliland v. State*, 2011 Ark. 480 (per curiam).

Appeal dismissed; motion moot.

*Christopher Branning*, pro se appellant.

No response.