Cite as 2014 Ark. 349

# SUPREME COURT OF ARKANSAS

No. CR-14-341

| | | |
|---|---|---|
| JOSEPH ADKINS | | Opinion Delivered September 4, 2014 |
| | APPELLANT | |
| | | APPELLEE'S MOTIONS TO DISMISS AND FOR STAY OF BRIEF TIME AND PRO SE APPEAL FROM THE |
| V. | | LONOKE COUNTY CIRCUIT COURT, [NO. 43CR-1-125] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARBARA ELMORE, JUDGE |
| | | ORDER REVERSED AND REMANDED; MOTIONS MOOT. |

## PER CURIAM

In 2013, appellant Joseph Adkins entered a plea of guilty in the Lonoke County Circuit Court to two counts of aggravated robbery, theft of property, and residential burglary, and he was sentenced to an aggregate term of 360 months' imprisonment with the imposition of an additional 120 months' suspended. Appellant subsequently filed in the circuit court a pro se motion for transcript and a timely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). The circuit court entered an order dismissing the Rule 37.1 petition for failure to comply with Rule 37.1(c), and appellant timely lodged an appeal from the order.

Now before us are the appellee State's alternative motions to dismiss and for stay of brief time. The State asserts in its motion to dismiss that this court lacks jurisdiction to consider the instant appeal because appellant's Rule 37.1 petition was not verified as required by Rule 37.1(c).

In its alternative motion to dismiss, the State requests a 15-day extension of time to respond to appellant's brief-in-chief, which has already been filed. Because we determine that the circuit court erred in dismissing appellant's Rule 37.1 petition, we reverse the order of dismissal and remand this matter with directions to enter an order addressing the merits of the petition, and the State's motions pending before this court are moot.

Rule 37.1(c) requires that the petition be accompanied by an affidavit that is sworn before a notary or other officer authorized to administer oaths; in substantially the form noted in that provision; and attesting that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief. Rule 37.1(d) requires that the circuit court reject an unverified petition and that the circuit court or the appellate court dismiss a petition that fails to comply with Rule 37.1(c). *Branning v. State*, 2014 Ark. 256 (per curiam); *Slocum v. State*, 2014 Ark. 178 (per curiam).

The verification requirement for a postconviction petition is of substantive importance to prevent perjury. *Branning*, 2014 Ark. 256. This court has held that a circuit court lacks jurisdiction to consider arguments raised in an unverified Rule 37.1 petition. *Id.* When a Rule 37.1 petition fails to comply with Rule 37.1(c), it should not be accepted for filing, and it does not act to confer jurisdiction on the trial court to consider the merits of the petition. *Id.* When the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Id.*

In the instant case, appellant's motion for transcript and Rule 37.1 petition were filed on January 2, 2014, as two separate pleadings. Appellant's signature on the Rule 37.1 petition was not notarized, and the petition lacked any verification that the facts stated in the petition were

SLIP OPINION

true, correct, and complete as required by the Rule. However, appellant's signature on the motion for transcript was notarized, and the motion contained the following verification:

> I, **Joseph Adkins**, the petitioner herein, in support of my Rule 37 petition and attached Motion for Transcript in Rule 37 Proceedings, after first being duly sworn, do hereby swear that the statements, matters, and things contained herein are a true and accurate account to the best of my knowledge, information, and belief and for the purposes herein state, set forth, and contained.

It is also notable that a certificate of service was attached to the motion for transcript and purported that service "of the foregoing Rule 37 petition and Motion for Transcript for Rule 37 Proceeding" was completed. The Rule 37.1 petition did not have a certificate of service.

Because appellant in the instant case contemporaneously filed with the Rule 37.1 petition a motion for transcript in which he verified that the statements made in the Rule 37.1 petition were true and correct, there is evidence that the Rule 37.1 petition was "accompanied" by the appropriate affidavit as required by the Rule. Also, given the fact that the two pleadings were filed on the same day at the same time, and the existence of only one certificate of service referencing both pleadings, there is some indication that appellant submitted the pleadings as one filing, and the petition was therefore compliant with Rule 37.1(c). We, therefore, determine that appellant's Rule 37.1 petition was compliant with Rule 37.1(c), and the circuit court erred in dismissing the petition for lack of verification. Accordingly, we reverse the order of dismissal and remand for entry of an order addressing the merits of the petition.[1]

Reversed and remanded; motions moot.
*Joseph Adkins*, pro se appellant.
*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

---

[1]We note that, as with any other such proceeding, should the circuit court rule adversely, appellant may appeal that adverse decision.