SLIP OPINION

Cite as 2015 Ark. 103

# SUPREME COURT OF ARKANSAS

No. CR-14-1125

| | | |
|---|---|---|
| RYAN NUTT | | **Opinion Delivered** March 5, 2015 |
| | PETITIONER | PRO SE MOTION FOR BELATED APPEAL OF ORDER AND MOTIONS TO ADD A PAGE TO MOTION FOR BELATED APPEAL AND TO SUPPLEMENT RECORD [PIKE COUNTY CIRCUIT COURT, NO. 55CR-11-38] |
| V. | | |
| STATE OF ARKANSAS | | |
| | RESPONDENT | HONORABLE CHARLES A. YEARGAN, JUDGE |
| | | MOTION FOR BELATED APPEAL DISMISSED; MOTIONS MOOT. |

**PER CURIAM**

In 2014, petitioner Ryan Nutt filed in the Pike County Circuit Court an unverified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012) in which he challenged the judgment of conviction entered against him in case number 55CR-11-38. The trial court dismissed the petition on May 9, 2014. On December 18, 2014, petitioner filed a notice of appeal, which was not timely filed in accordance with Arkansas Rule 2(a)(4) of the Rules of Appellate Procedure–Criminal (2014) inasmuch as it was not filed within thirty days of the date that the petition was dismissed. Petitioner now seeks leave to proceed with a belated appeal of the order. He also seeks to add another page to the motion for belated appeal and to supplement the record with the affidavits of three people.

Appellant's petition was not in compliance with the Rule because it was not verified in accordance with Rule 37.1(c). Rule 37.1(c) requires that the petition be accompanied by an

SLIP OPINION

affidavit that is sworn before a notary or other officer authorized to administer oaths; in substantially the form noted in that provision; and attesting that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief. Rule 37.1(d) requires that the circuit clerk reject an unverified petition and that the circuit court or the appellate court must dismiss a petition that fails to comply with Rule 37.1(c). *Adkins v. State*, 2014 Ark. 349, 438 S.W.3d 914 (per curiam); *Slocum v. State*, 2014 Ark. 178 (per curiam). Appellant's signature on the petition was notarized, but there was no verification that the facts stated in the petition were true, correct, and complete as required by the Rule. When a petition under the Rule is notarized but not verified in accordance with the Rule, the petition is not properly before the court. *Hatton v. State*, 2012 Ark. 286 (per curiam) (The appeal from the order denying postconviction relief was dismissed because the notarized petition did not contain the verification required by the Rule.).

The verification requirement for a postconviction-relief petition is of substantive importance to prevent perjury. *Slocum*, 2014 Ark. 178; *Stewart v. State*, 2014 Ark. 85 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam); *Williamson v. State*, 2012 Ark. 170 (per curiam); *Tucker v. State*, 2011 Ark. 543 (per curiam); *see Carey v. State*, 268 Ark. 332, 596 S.W.2d 688 (1980). Because appellant's Rule 37.1 petition was not in compliance with Rule 37.1(c), it should not have been accepted for filing. *Slocum*, 2014 Ark. 178.

We also note that, even if petitioner had filed a properly verified petition, the motion for belated appeal would be subject to denial on the ground that petitioner did not meet his burden of stating state good cause for the failure to timely file a notice of appeal. Petitioner argues in the

motion only that his Rule 37.1 petition had merit and should have been granted. As petitioner has not established that there was some acceptable reason that he failed to follow proper procedure to perfect an appeal, he has not demonstrated that this court should accept the appeal. It is well settled that the duty to conform to procedural rules applies even when the petitioner proceeds pro se, as *all* litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not so conforming. *Betts v. State*, 2013 Ark. 72 (per curiam). We have made it abundantly clear that we expect compliance with the rules of this court so that appeals will proceed as expeditiously as possible. *Jacobs v. State*, 321 Ark. 561, 906 S.W.2d 670 (1995) (per curiam) (citing *Alexander v. Beaumont*, 275 Ark. 357, 629 S.W.2d 300 (1982) (per curiam)).

As the motion for belated appeal has been dismissed, the motions to add an additional page to the motion for belated appeal and to supplement the record are moot.

Motion for belated appeal dismissed; motions moot.

*Ryan Nutt*, pro se petitioner.

No response.

SLIP OPINION