MIKE MURPHY, Judge *591 Courtney Lowe was tried by the Pulaski County Circuit Court and found guilty of three counts of terroristic acts (felonies), one count of possession of a firearm by certain persons (felony), one count of domestic battering in the third degree (misdemeanor), and firearm enhancement. For his sole point of appeal, he contends the circuit court abused its discretion in not allowing Ed Montgomery to testify as a rebuttal witness for him. We affirm.
The charges against Lowe arose out of an incident that occurred in April 2016, during which he allegedly hit his cousin, Dominque White, on the head with a gun and then fired several shots into her vehicle, which had three minor children in it. Because Lowe does not challenge the sufficiency of the evidence supporting his convictions, it is not necessary to develop the facts further surrounding the April 2016 incident.
Instead, Lowe challenges the circuit court's decision not to allow him to present Ed Montgomery as a rebuttal witness. According to Lowe, Ed Montgomery was his counsel's law partner, and at a pretrial hearing, Dominque commented to Montgomery that Lowe was not the person who had fired shots into the vehicle and that she wanted the prosecutor to drop the case against him. When Lowe's counsel cross-examined her at trial, however, she denied ever having made such comments. Lowe wanted to present Montgomery as a witness in his case-in-chief, but the prosecutor objected, arguing that Lowe had never provided the requested witness list showing Montgomery as a potential witness.
Lowe countered that Montgomery was being called as a rebuttal witness, and such witnesses did not have to be disclosed. The circuit court sustained the objection. Lowe then argued that even though he had not provided the requested witness list, he had mentioned to the prosecutor that he would call Montgomery to recount what Dominique had told him. The prosecutor denied having been told specifically that Montgomery would be called-only that several people would be able to testify that Dominque had changed her story several times. The court sustained the objection again, commenting that the two sides "exchange a witness list to avoid issues like this."
Preliminarily, the State argues that Lowe did not proffer the substance of what Montgomery would have testified about, and therefore the issue was not properly preserved for our review. We disagree. While it is true that there must be a proffer of excluded evidence in order to challenge its exclusion on appeal, if the substance of the excluded testimony is apparent from the context of the discussion, a proffer is not necessary. Brown v. Ark. Dep't of Human Servs. , 2017 Ark. App. 67, 511 S.W.3d 895. The substance of Montgomery's excluded testimony was apparent from the context of the discussion. He would have testified that Dominque told him Lowe was not the one who had fired the shots. Therefore, we conclude the issue was sufficiently preserved for our review.
Although we have concluded it is appropriate to address the merits of Lowe's argument, we hold there was no abuse of discretion by the circuit court in rejecting Montgomery's testimony because it was not truly rebuttal testimony, and the exclusion of testimony is an acceptable sanction when there has been a discovery violation.
Rule 18.3 of the Arkansas Rules of Criminal Procedure provides:
Subject to constitutional limitations, the prosecuting attorney shall, upon request, be informed as soon as practicable before trial of the nature of any defense which defense counsel intends to *592 use at trial and the names and addresses of persons whom defense counsel intends to call as witnesses in support thereof.
Genuine rebuttal witnesses need not be disclosed because neither the State nor the defense would necessarily know in advance of the need for such testimony. Williams v. State , 338 Ark. 178, 992 S.W.2d 89 (1999) ; Weaver v. State , 290 Ark. 556, 720 S.W.2d 905 (1986). Lowe contends Montgomery was a genuine rebuttal witness. The circuit court determined otherwise, and we find no error in that conclusion. Lowe was aware of Montgomery's version of events, and it is fair to say that when the prosecutor continued to pursue the charges against Lowe, and Dominique was going to testify for the State at trial, it was clear Dominique would not testify in the same manner that she allegedly recounted events to Montgomery. Under the circumstances, Lowe would not have been surprised by Dominique's testimony, and he should have been prepared to present Montgomery as a witness. In fact, in countering the State's objection, Lowe's counsel asserted that he had earlier orally informed the prosecutor of his intent to call Montgomery as a witness. Consequently, we agree that Montgomery was not a true rebuttal witness, and his name should have been provided to the prosecutor as a potential witness for trial. See Hoyle v. State , 2018 Ark. App. 498, 562 S.W.3d 253.
Moreover, we hold there was no abuse of the circuit court's discretion in employing discovery-violation sanctions. Rule 19.7 of the Arkansas Rules of Criminal Procedure provides in part:
(a) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant thereto, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, prohibit the party from introducing in evidence the material not disclosed, or enter such other order as it deems proper under the circumstances.
It is within the circuit court's discretion which sanction to employ under this rule. Reed v. State , 312 Ark. 82, 847 S.W.2d 34 (1993). The State filed a discovery motion in which it requested defense counsel to provide a witness list. No such list was provided by the defense. As noted by the circuit court in sustaining the State's objection to Montgomery's testifying, exchanging witness lists avoids the type of conflicting memories that were being asserted by the parties. We hold there was no abuse of discretion in the circuit court's decision to prevent Montgomery from testifying.
Affirmed.