Cite as 2023 Ark. App. 502

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-23-82

| | | |
|---|---|---|
| RICKY ROBERTS | | Opinion Delivered November 1, 2023 |
| | APPELLANT | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58CR-22-193] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JAMES DUNHAM, JUDGE |
| | APPELLEE | |
| | | REVERSED AND REMANDED |

**MIKE MURPHY, Judge**

Ricky Roberts appeals the trial court's dismissal of his petition for postconviction relief filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2021). On appeal, Roberts contends the trial court erred in concluding it did not have jurisdiction due to a lack of an explicit assertion in the petition that he was in custody. We agree with Roberts and reverse and remand for the trial court to consider the petition on the merits.

On August 1, 2022, appellant Ricky Roberts pleaded guilty as a habitual offender to one count of negligent homicide, one count of unauthorized use of a vehicle, and one count of driving while intoxicated. The circuit court sentenced Roberts to thirty years' incarceration in the Arkansas Division of Correction on the charge of negligent homicide, one year in county jail on the charge of unauthorized use of a motor vehicle, and one day in

county jail for the charge of driving while intoxicated. The sentencing order was entered on August 3, 2022.

On September 9, 2022, Roberts filed a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37 claiming his trial counsel was ineffective for negotiating a plea deal in which he received the maximum possible sentence. The circuit court dismissed Roberts's petition, finding that Roberts failed to plead in his petition that he was currently in custody. As a result, the circuit court concluded it did not have jurisdiction to consider the merits of Roberts's claim. On appeal, Roberts argues the circuit court erred in dismissing his petition.

The very narrow issue before this court today is whether the circuit court erred in dismissing Roberts's Rule 37 petition for failure to assert in the pleading that he was, in fact, in custody. We hold that it did. Rule 37 provides that "a petitioner in custody under sentence of a circuit court claiming a right to be released, or to have a new trial, or to have the original sentence modified" on four enumerated grounds "may file a petition in the court that imposed the sentence, praying that the sentence be vacated or corrected." Ark. R. Crim. P. 37(a). And it is true that if a petitioner is not in custody, the circuit court lacks jurisdiction to consider the merits of his Rule 37 petition. *Chandler v. State*, 2021 Ark. App. 103, at 7–8, 618 S.W.3d 454, 458. Rule 37, however, does not require that the petitioner assert he is in custody. It just requires him to be in custody.

The first paragraph of Roberts's petition states, "Roberts pleaded guilty to all counts as charged in exchange for the maximum possible sentence on each count for an aggregate

2

sentence of 30 years imprisonment." Later in the petition, it further provides, "On August 1, 2022, Roberts entered a negotiated guilty plea to all three counts as charged in exchange for maximum sentences on each count. A sentencing order was entered on August 3, 2022 sentencing him to an aggregate term of 30 years imprisonment." Could the petition have been more explicit? Yes. However, there was nothing in the record to indicate that Roberts was *not* in custody.

Citing *Coplen v. State*, 298 Ark. 272, 766 S.W.2d 612 (1989); *Williamson v. State*, 2012 Ark.170; and *Branning v. State*, 2014 Ark. 256, the court dismissed Roberts's petition with prejudice, reasoning that Roberts was "required to state he is a 'Petitioner in custody' for the Court to have jurisdiction[.]" However, neither this court nor our supreme court has ever interpreted Rule 37 this way. Even in *Coplen*, the supreme court states simply that "Coplen was not in custody." It made no mention of what was pleaded. (*Williamson* and *Branning* both pertain to unverified petitions.)

Instead, we find *Branning v. State*, 2010 Ark. 401 (the predecessor to *Branning*, *supra*) more persuasive. In *Branning*, the circuit court had dismissed Branning's petition for postconviction relief because Branning was on parole when he filed the petition, and Branning was not in custody at the time of the hearing on the petition. The written order denying the petition, however, was not entered until almost six months later—after Branning's parole had been revoked and Branning was in custody. *Branning*, accordingly, suggests that the trial court must determine the actual state of the defendant at the entry of the order before a petition is dismissed entirely for lack of jurisdiction on the basis of custody.

3

This interpretation further conforms to the directive in Arkansas Rule of Criminal Procedure 1.3 that our rules shall be construed to secure simplicity in procedure, protect the fundamental rights of the individual, and preserve the public interest. There is nothing in this record to affirmatively indicate that Roberts was not in custody at the entry of the order disposing of his petition. Accordingly, we hold that the trial court erred in finding that it was without jurisdiction solely on the basis of the pleadings.

Reversed and remanded.

WOOD and BROWN, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.