Cite as 2024 Ark. App. 242

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-23-467

| | |
|---|---|
| RONALD MATTHEW ROBINSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered April 10, 2024<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58CR-21-707]<br><br>HONORABLE JAMES DUNHAM, JUDGE<br><br>AFFIRMED |

**CINDY GRACE THYER, Judge**

Appellant Ronald Robinson was convicted by a Pope County jury of two counts of second-degree battery, one count of resisting arrest, and one count of disorderly conduct and was sentenced to a total of twelve years' imprisonment. On appeal, Robinson does not contest the sufficiency of the evidence supporting his convictions. Instead, he argues that the circuit court abused its discretion in excluding the testimony of two defense witnesses after he failed to disclose them in a timely fashion. We find no error and affirm.

On July 16, 2021, Robinson was charged with three counts of second-degree battery, three counts of second-degree assault, and one count each of resisting arrest and disorderly conduct. On July 21, the circuit court entered its first pretrial order directing the parties to "promptly exchange all necessary discovery records or other information necessary to presentment of this case to the court." Similar pretrial orders were entered on October 5,

October 27, and November 29. On December 29, the court entered an "order for jury trial setting conference date" in which it ordered the State and the defense "to file with the Clerk of the Court a witness list and exhibit list at least 14 days prior to the jury trial setting conference. Failure to do so may result in the witness or exhibit being excluded from the jury trial." Additional pretrial orders advising of the necessity of exchanging discovery were entered on February 15, April 12, May 24, June 30, and August 18, 2022. On September 9, 2022, the court entered an order setting a jury-trial conference date for October 3 and again ordered the State and Robinson to file their witness lists and exhibit lists at least fourteen days prior to the jury-trial setting conference. As before, the order further warned that "[f]ailure to do so may result in the witness or exhibit being excluded from the jury trial."

At the October 3 trial-setting hearing, the court set the jury-trial date of December 6–7. In a November 7 pretrial order, the court directed the parties to appear for a pretrial conference on November 17 and noted that Robinson had listed no witnesses. On December 1, however, Robinson filed a "Defendant's Witness List" naming, among other individuals he intended to call to testify, Robert Evans and Ernest "Rick" Sims.

The case proceeded to jury trial on December 6. After the State rested its case and Robinson moved for directed verdict, Robinson informed the court that he planned on calling three witnesses: Robinson himself and the "two character witnesses that we put the State on notice [about] last Thursday." These witnesses, Evans and Sims, would be called to testify that they had known Robinson most of his life, that they were aware of the charges,

2

and on the basis of their interactions with him, they found him to be a "truthful and honest person." At this point, the following exchange took place:

COURT: Does the State object to two character witnesses testifying?

STATE: We do, Your Honor. We--we object based on the time frames that the Court has imposed in the past . . . .

COURT: [Defense counsel], do you want to be heard in response?

DEFENSE: Judge--yeah. Briefly, I will. I submitted them last Thursday, and I--certainly they were late outside of the Court's orders--but I would argue that the State was given sufficient time to talk to [the] two character witnesses. They've been here at the building both days. . . . I don't think they made any effort to reach out to them to inquire about what their testimony would be. They were listed as character witnesses, that they'd only testify about Mr. Robinson being a truthful and honest person. And I think Mr. Robinson, most importantly, has the right to a fair trial. And if the Court's going to deny it because I was late in providing two character witnesses, then that's ineffective assistance. So if the Court's going to deny my ability to call those two witnesses, then I would ask for a mistrial because I've been ineffective.

. . . .

COURT: Okay. No, the--so the--Mr. Sims and Mr. Evans won't testify. And the reason they won't testify is for the--because they were not noticed. And I know that last week--well, probably on the 30th--whatever day it was we had the hearing on the motion for continuance to the 29th to the 30th--I do recall at that time that I, you know, mentioned that the only witness noticed by the defendant was Dr. Simpson. And the parties--and that was confirmed again and so that was the representation at that time, that Dr. Simpson was the only witness the defendant intended to call. And so the point of that is that the parties are allowed to rely on those witness lists and those disclosures. And that is meaningful--you know, each of you have calendars that you're paying attention to and providing very, very late notice--meaning, like Monday--I guess it was Monday of this week. Is that when you sent or--no. When did you say that you--

DEFENSE: No, Your Honor. Last week.

STATE: Thursday afternoon––

COURT: Thursday––

STATE: ––of last week.

COURT: ––afternoon of last week. And so that's not adequate for the parties to really be prepared on it. Although I will note that in making that ruling, it does not appear that these witnesses are persons that have knowledge of the events that are charged and, instead, are just simply testifying at––or proffer is that they would testify that the defendant––that they've known the defendant for many years, and that he's a––in their experience, a truthful person; is that right?

DEFENSE: Truthful and honest would be their opinion, yes.

COURT: Sure. I'm sorry. Truthful and honest person. That does not––this ruling in the notice that's been provided, in my view, does not affect the defendant's right to a fair trial. The defendant has obligations to provide the information, particularly, with so many prompts. But in regards to the defendant, which you are also asking to add without earlier notice, although prompted, I am letting him testify. So he'll be permitted to testify.

The jury went on to convict Robinson of two counts of second-degree battery, one count of resisting arrest, and one count of disorderly conduct, and he was sentenced to a total of twelve years' imprisonment. Robinson timely appealed from the sentencing order, and he now challenges the circuit court's exclusion of Evans's and Sims's testimony. Matters pertaining to the admissibility of evidence are left to the sound discretion of the circuit court. *McEwing v. State*, 366 Ark. 456, 237 S.W.3d 43 (2006). We will not reverse such a ruling absent an abuse of that discretion, nor will we reverse absent a showing of prejudice because prejudice is not presumed. *Hoyle v. State*, 2018 Ark. App. 498.

4

Robinson argues on appeal that the circuit court erred in excluding Evans's and Sims's testimony because they were not timely disclosed when the State failed to request the names and addresses of the witnesses pursuant to Arkansas Rule of Criminal Procedure 18.3. Rule 18.3 provides that, "[s]ubject to constitutional limitations, the prosecuting attorney shall, upon request, be informed as soon as practicable before trial of the . . . names and addresses of persons whom defense counsel intends to call as witnesses in support thereof." Robinson contends that because the State did not request the names and addresses of his witnesses before trial, he was under no obligation to divulge Evans's and Sims's names prior to trial.

As is apparent from the above colloquy, however, Robinson did not mention or in any way implicate Rule 18.3 in his arguments to the circuit court. We do not address arguments that are raised for the first time on appeal. *Hicks v. State*, 2017 Ark. 262, at 10, 526 S.W.3d 831, 838. Likewise, parties cannot change the grounds for an objection on appeal but are bound by the scope and nature of their objections as presented at trial. *Neal v. State*, 2024 Ark. 16, at 14, 682 S.W.3d 672, 680. Therefore, Robinson's argument is not preserved for our review.[1]

---

[1]Were we to reach his argument, however, it is without merit. Although he complains that the court erred in excluding his witnesses in the absence of a motion by the State pursuant to Rule 18.3, that was not the basis for the court's ruling. The court excluded Evans's and Sims's testimony as a sanction for Robinson's violation of its discovery order. "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant thereto, the court may . . . prohibit the party from introducing in evidence the material not disclosed, or enter such other order as it deems proper under the

Affirmed.

HARRISON, C.J., and GLADWIN, J., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, and *Drew Curtis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.

---

circumstances." Ark. R. Crim. P. 19.7. It is within the circuit court's discretion which sanction to employ under this rule. *Lowe v. State*, 2019 Ark. App. 231, 575 S.W.3d 589.

In *Torres-Garcia v. State*, 2021 Ark. App. 174, this court affirmed the circuit court's exclusion of one of Torres-Garcia's witnesses as a sanction for his failure to abide by the court's discovery order. On appeal, Torres-Garcia conceded that he did not comply with the circuit court's discovery order, but he argued that the court should have ordered a different remedy. This court, however, acknowledged the circuit court's broad discretion and upheld the exclusion of the witness as a discovery sanction. Here, Robinson also concedes that he violated the court's discovery order by not disclosing his witnesses until five days before trial. We therefore cannot say that the court's reasoned exclusion of Robinson's witnesses amounted to an abuse of discretion.