Cite as 2026 Ark. App. 263

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-25-189

| | |
|---|---|
| RONALD ROBINSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered April 29, 2026<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. 58CR-21-707]<br><br>HONORABLE JAMES DUNHAM, JUDGE<br><br>REVERSED AND REMANDED |

**CINDY GRACE THYER, Judge**

Ronald Robinson appeals the Pope County Circuit Court's order dismissing with prejudice his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. Robinson asserts that the circuit court erred in dismissing his petition on the ground that it failed to affirmatively assert that he was a prisoner under a sentence of a circuit court. The State concedes error. We agree, and we reverse and remand.

Robinson was convicted by a Pope County jury of two counts of second-degree battery, one count of resisting arrest, and one count of disorderly conduct; he was sentenced to a total of twelve years' imprisonment. This court affirmed his convictions and sentence in *Robinson v. State*, 2024 Ark. App. 242, 687 S.W.3d 402. Our mandate issued on May 15, 2024, and on July 9, 2024, Robinson filed a timely and verified Rule 37 petition. After stating that "Robinson is an inmate at the Cummins Unit of the [Arkansas Division of

Correction]," the petition alleged four separate grounds on which trial counsel purportedly rendered ineffective assistance of counsel. Robinson simultaneously filed a motion for leave to file an amended or enlarged Rule 37 petition. That motion also asserted that Robinson was "an inmate at the Cummins Unit of the ADC" and that he was "currently incarcerated."

On December 31, 2024, the circuit court entered an order dismissing Robinson's Rule 37 petition with prejudice. Although the court acknowledged that the petition was timely, it nonetheless found that "[i]n no part of the Petition does Defendant allege he received any sentence pertaining to his convictions, or that his custody status is related to any convictions of this Circuit Court." The court reasoned that because relief can be had under Rule 37.1 only by one who is "in custody under sentence of a circuit court," dismissal of Robinson's petition was mandated for want of jurisdiction because it made no positive allegation that his convictions resulted in sentences for which he was currently incarcerated. Robinson filed a timely notice of appeal on January 2, 2025, and now argues to this court that the circuit court erred in dismissing his petition for lack of jurisdiction.

Rule 37.1(a) provides that a "petitioner in custody under sentence of a circuit court claiming a right to be released, or to have a new trial, or to have the original sentence modified" on four enumerated grounds "may file a petition in the court that imposed the sentence, praying that the sentence be vacated or corrected." Ark. R. Crim. P. 37.1(a). The principal purpose of Rule 37 is to avoid unjust incarceration. *Bohanan v. State*, 336 Ark. 367, 985 S.W.2d 708 (1999). A petitioner seeking postconviction relief pursuant to Rule 37 must be incarcerated in order for the rule's remedies to be available, and a person who is, for

2

example, on parole or probation is not "in custody" for purposes of Rule 37. *Neely v. McCastlain*, 2009 Ark. 189, 306 S.W.3d 424. Postconviction relief is routinely denied for persons who are not "in custody." *See Chandler v. State*, 2021 Ark. App. 103, 618 S.W.3d 454; *Halcomb v. State*, 2018 Ark. App. 248; *Coplen v. State*, 298 Ark. 272, 766 S.W..2d 612 (1989).

Here, however, the circuit court found that relief was unavailable under Rule 37 not because Robinson was not in custody but because he failed to "positively allege his convictions resulted in sentences of this circuit court for which he is presently incarcerated." The circuit court reasoned that Rule 37.1(b) provides that a petition for postconviction relief "shall state in concise, nonrepetitive, factually specific language, the grounds on which it is based." The court then appears to have concluded that the portions of Rule 37.1(a) describing *who may file* a Rule 37 petition constitute "grounds" that must be specifically pled. For example, the circuit court wrote:

> The first ground a Petitioner under Rule 37.1 must allege under oath is that he is "in custody." For example, if a Petition alleges a Defendant is not "in custody," the Rule does not confer any jurisdiction to act upon the Circuit Court. Neither is there jurisdiction to act absent a positive assertion the Defendant is "in custody" because Rule 37.1(b) affirmatively commands the Petition "shall state the grounds on which it is based, and a Circuit Court's jurisdiction is determined from that pleading. *Hall v. State*, 326 Ark. 318, 933 S.W.2d 363 (1996). A required ground for relief is that the Defendant is then "in custody."

Similarly, the circuit court found that the other "grounds" a petitioner must allege in a Rule 37 petition are that he or she is "under a sentence of a circuit court," he or she is "claiming

3

a right to be released," and the circuit court in which his or her petition is filed is the same circuit court that imposed the sentence requested to be examined.

The circuit court erred in its interpretation of Rule 37. First, the circuit court conflated subsections (a) and (b) of Rule 37.1, imposing the factually specific pleading requirements of subsection (b) onto subsection (a)'s description of who may file a Rule 37 petition. Nothing in the plain language of the rule supports such an interpretation, and the circuit court cites no authority in support of its reasoning apart from *Hall*, *supra*, which is inapplicable.[1]

Second, this court recently addressed this issue in *Roberts v. State*, 2023 Ark. App. 502, 678 S.W.3d 460.[2] In *Roberts*, Ricky Roberts pled guilty to multiple counts and was sentenced by the circuit court to thirty years' incarceration. 2023 Ark. App. 502, at 1, 678 S.W.3d at 461. Roberts filed a timely petition for Rule 37 relief in which he stated that he had pled "guilty to all counts as charged in exchange for the maximum possible sentence on each

---

[1]While *Hall*, *supra*, was also an appeal in a postconviction proceeding, the language employed by the circuit court here ("subject matter jurisdiction is determined from the pleadings") had no bearing on assessing the sufficiency of the appellant's Rule 37 petition. Instead, the supreme court was addressing the petitioner's argument that the information charging him with capital murder was invalid, and the circuit court lacked subject-matter jurisdiction because the information was signed by a deputy prosecutor in the name of the prosecutor but without the prosecutor's consent. The supreme court rejected this argument, reasoning that the "subject-matter jurisdiction is determined from the pleadings. Here, the record clearly reflects a properly signed amended information giving the trial court jurisdiction." *Hall*, 326 Ark. at 322, 933 S.W.2d at 366.

[2]We note that the circuit court in *Roberts*, *supra*, is the same court that presided over the instant case.

count for an aggregate sentence of 30 years imprisonment." *Id.* at 2–3, 678 S.W.3d at 461. He additionally averred that he entered a negotiated plea to all of the counts charged "in exchange for maximum sentences on each count. A sentencing order was entered on August 3, 2022, sentencing him to an aggregate term of 30 years imprisonment." *Id.* at 2–3, 678 S.W.3d at 461. The circuit court dismissed the Rule 37 petition without considering the merits for the same reason it did in the instant case--because Roberts did not affirmatively "state he is a 'Petitioner in custody,'" thus depriving the court of jurisdiction solely on the basis of the pleadings. *Id.* at 3, 678 S.W.3d at 461.

On appeal, this court rejected the circuit court's reading of Rule 37, concluding that "neither this court nor our supreme court has ever interpreted Rule 37 this way." *Id.* Citing *Branning v. State*, 2010 Ark. 401, this court held that the circuit court "must determine the actual state of the defendant at the entry of the order before a petition is dismissed entirely for lack of jurisdiction on the basis of custody." *Id.*, 678 S.W.3d at 462. Because there was nothing in the record that affirmatively indicated that Roberts was *not* in custody, this court held that the circuit court erred in finding that it was without jurisdiction solely on the basis of the pleadings. *Id.* at 4, 678 S.W.3d at 462. Stated simply, this court held that Rule 37 "does not require that the petitioner *assert* he is in custody. It just requires him to *be* in custody. *Id.* at 2, 678 S.W.3d at 461 (emphasis added).

5

The State correctly concedes error on this point. Robinson's verified Rule 37 petition specifically asserted that he was an inmate at the Cummins Unit of the ADC.[3] And as in *Roberts*, there is nothing in the record to affirmatively indicate that Robinson was not in custody at any point during the Rule 37 proceedings. The circuit court erred in dismissing his petition on jurisdictional grounds because he failed to make some more affirmative declaration of his incarcerated status. Accordingly, the circuit court's order must be reversed and the case remanded.

Reversed and remanded.

WOOD and BROWN, JJ., agree.

*Seddiq Law Firm*, by: *Justin Eisele*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.

---

[3]In further support of Robinson's incarcerated status is a printout from the Arkansas Department of Corrections, which the circuit court attached to its order dismissing Robinson's Rule 37 petition, reflecting Robinson's status as an inmate pursuant to his convictions by the Pope County Circuit Court.