Cite as 2023 Ark. App. 366

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-22-588

| | | |
|---|---|---|
| | | **Opinion Delivered** September 6, 2023 |
| COREY STEWARD | | |
| | APPELLANT | APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. 40CR-20-27] |
| V. | | |
| | | HONORABLE JODI RAINES DENNIS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Corey Steward appeals the Lincoln County Circuit Court's order of dismissal of his pro se petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure for failure to conform to Rule 37.1(c) verification requirements. Although he presents five points on appeal alleging ineffective assistance of counsel, he has failed to challenge the court's basis for dismissing his Rule 37 petition. Therefore, we cannot consider his five points of appeal and affirm the dismissal for failure to conform to the verification requirements of Rule 37.1(c).

Appellant was convicted of aggravated assault on a correctional officer or employee, a Class D felony, on June 22, 2021, and was sentenced to the maximum term of fifteen years pursuant to the Habitual Offender Act. Appellate counsel was appointed for Steward, and his conviction was appealed and affirmed by a mandate issued on June 3, 2022. Appellant

thereafter filed a timely motion for transcript and petition for Rule 37 relief on June 9, 2022, alleging ineffective assistance of counsel. On August 9, 2022, the circuit court dismissed the appellant's Rule 37 petition on the basis that it did not conform to the verification requirements of Rule 37.1(c). The verification requirement for a postconviction-relief petition is of substantive importance to prevent perjury. *See Boyle v. State*, 362 Ark. 248, 208 S.W.3d 134 (2005). On August 31, 2022, the appellant filed a notice of appeal and/or extension of time to be allowed to get in compliance with Rule 37.1(c). No action was taken by the circuit court on the request for extension of time to bring his petition into compliance with Rule 37.1(c).

In his appellate brief, Steward argued for reversal of the circuit court's dismissal of his case based solely on his allegations of ineffective assistance of counsel and did not challenge the dismissal of his petition pursuant to Rule 37.1(c). We decided a similar issue recently in *Angel v. State*, 2022 Ark. App. 154, in which the appellant failed to assign error to the circuit court. In *Angel*, we held that "because Angel fails to make any arguments challenging the circuit court's dismissal order, we affirm." Here, as in *Angel*, Steward's appeal from the circuit court to this court did not allege that the circuit court erred in the dismissal of his Rule 37 petition because it was deficient and failed to comply with Rule 37.1(c). Because Steward failed to make any arguments alleging error in the circuit court's dismissal order finding that Steward did not comply with Rule 37.1(c), neither the circuit court nor the appellate court has jurisdiction to hear the petition pursuant to Rule 37.1(d). It is well settled that if the provisions of Rule 37.1(c) are not met, the circuit court shall not have jurisdiction to hear

2

the petition.  Rule 37.1(d) requires that "the circuit court or any appellate court shall dismiss any petition that fails to comply with subsection (c) of this rule."  We affirm the circuit court's dismissal of appellant's petition for Rule 37.1 relief.

Affirmed.

GLADWIN and HIXSON, JJ., agree.

*Corey Steward*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.